OPINION
{¶ 1} Appellant Jonnie F. Vann ("Vann") brings this appeal from the judgment of the Court of Common Pleas of Mercer County, Probate Division, finding Vann in contempt of court.
 {¶ 2} On February 1, 2001, Franklin Vann died. His will was filed in the probate court on January 18, 2002. During the administration of the estate, the executor filed several motions regarding personal property and hearings have been held on them. On April 6, 2004, the executor filed a motion to have Vann held in contempt for not returning all of the items. The trial court entered a judgment entry on November 16, 2004, stating testimony would only be taken on certain items as the other items had been resolved in prior hearings. On January 20, 2005, a hearing was held on the matter. The executor presented her own testimony as to what she believed to be missing, though she was not present for any of the transfers. The executor then presented the testimony of a friend, Kevin Allen ("Allen") who was present during the transfers. Allen testified that some weapons were returned to the estate that did not belong to the estate and that there were three separate transfers of property. Vann presented the testimony of his wife, who testified that she recorded all of the transfers and that the tapes were given to the trial court. She also testified that all items belonging to the estate were stored in a spare bedroom at her home and had been returned. She specifically testified that all of the items at issue at the hearing were returned. The only exception was the .22 Marlin rifle, which she testified was misidentified on prior documents and was actually a .22 Remington which was returned. On March 30, 2005, the trial court found Vann in contempt of a court order and ordered him to either serve 10 days in jail or to purge himself of contempt by returning the items as previously ordered. Vann appeals from this judgment and raises the following assignment of error.
The trial court erred in finding [Vann] in contempt for not returningitems to the estate.
 {¶ 3} This court notes that the Estate has not filed a brief in this matter.
If an appellee fails to file the appellee's brief within the timeprovided by this rule, or within the time as extended, the appellee willnot be heard at oral argument except by permission of the court upon ashowing of good cause submitted in writing prior to argument; and indetermining the appeal, the court may accept the appellant's statement ofthe facts and issues as correct and reverse the judgment if appellant'sbrief reasonably appears to sustain such action.
App.R. 18(C).
 {¶ 4} Here, the items at issue were as follows: 1) a .22 Marlin rifle; 2) a muzzle loader; 3) the remainder of tackle; 4) one John Wayne movie; 5) the remaining boxes of painted Indian ceramics; 6) lead molds; 7) the decorative wood cabinet; 8) two sets of collectable knives; and 9) a set of left handed golf clubs. The facts as stated in the brief indicate that a witness testified that all of the items at issue in this hearing were either returned or did not exist. Specifically testimony was given that the alleged .22 Marlin was really a .22 Remington which was returned and that the John Wayne movie collection only contained four videos, not five, so a fifth one could not be returned. The testimony about the videos is supported by the trial court's prior entry requiring the return of four John Wayne movies. Jan. 7, 2004, judgment entry. The witness also testified that the decorative wood cabinet was sold by the Executor to her mother for $75.00. This testimony was not rebutted. Additional testimony was taken that Allen received several guns which he did not believe belonged to the estate. Those weapons were being held at the Sheriff's office and were not provided during the hearing. Allen was unable to testify as to what items were returned and which ones were not returned. Given the facts as set forth in Vann's brief, and the Estate's failure to file a brief, this court finds Vann's brief reasonably appears to support reversal of the judgment. Thus, the assignment of error is sustained.
 {¶ 5} The judgment of the Court of Common Pleas of Mercer County, Probate Division is reversed and the matter remanded.
Judgment Reversed and Cause Remanded.
 Rogers and Shaw, J.J., concur.