OPINION *Page 2 
{¶ 1} Appellant, Teresa J. Frisby, nka Teresa J. Taylor ("Taylor"), appeals the May 25, 2007 Judgment of the Common Pleas Court of Allen County, Ohio, Domestic Relations Division, finding her in contempt of court for her willful failure to pay child support and seek work.
 {¶ 2} Although this matter has been pending since the initial complaint for divorce, filed in 1992, we begin our analysis with the 2003 Allocation of Parental Rights and Responsibilities for Amanda Frisby (D.O.B 11/2/88). In the June 10, 2003 order of the Allen County Common Pleas Court, Domestic Relations Division, parental rights were modified such that Ritchie Frisby ("Frisby") was designated the residential parent. Taylor was granted parenting time with Amanda and was also ordered to pay child support to Frisby in the amount of $107.33 per month. Prior to this modification, Amanda resided with her maternal grandmother.
 {¶ 3} On May 24, 2004 Frisby and the Allen County Child Support Enforcement Agency ("ACCSEA") filed a Motion for Contempt based on Taylor's failure to "pay funds as and for the support of the parties' minor child." In response to this motion, it appears that Taylor indicated that health problems prohibited her from working. In a December 28, 2004 judgment entry, the court ordered that Taylor provide the necessary waivers to allow the ACCSEA to obtain *Page 3 
documentation of the health conditions she claimed were prohibiting her from working. These documents were forwarded to the court.
 {¶ 4} On March 4, 2005, after receiving Taylor's health records, the court issued an Order of Contempt stating:
 The Court, by way of an order filed December 28, 2004 made several findings including that the Plaintiff, Teresa Taylor has made no payments whatsoever with her last payment being in 2001.
 Teresa indicated she suffers from depression, anorexia, bulimia, a tumor in her jaw and seizures and that she had been treated for these maladies with a number of doctors.
 She had offered no medical documentation, and despite this the Court found that it would take the matter under advisement and order her to provide CSEA with all necessary waivers and releases to receive medical documentation for these problems.
 On January 28, 2004 a notice of submission of exhibits was filed which was after the requested and required date set forth in the December 28, 2004 order, however, this Court chooses to give every opportunity available for the presentation of this medical documentation.
 The Court has reviewed those records presented as exhibits in this case and finds that while the medical records do establish a history and pattern of chemical dependency and reference to a general seizure disorder as well as some depression associated with her last pregnancy, there is no indication that she can not work at this time, nor was there any indication of any recent treatment.
 Based upon the same, the Court finds the motion for contempt well taken. *Page 4 
 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Teresa J. Frisby is in contempt for failure to comply with the orders of this Court and pay child support as previously ordered.
 Teresa J. Frisby Taylor is sentenced to thirty days in the Allen County Justice Center.
 This Court will set the 2nd day of May, 2005 at 3:00p.m. for an execution of jail sentence.
 This will require Teresa Taylor to appear before the Court upon that date and time to show the Court why the sentence should not be imposed. The interim period will give Teresa Taylor an opportunity to purge herself of the imposition of the jail sentence by complying with the orders of this Court in payment of support.
 IT IS FURTHER THE ORDER of this Court that Teresa Taylor comply with the seek work program through the Allen County Child Support Enforcement Agency if she is not presently employed.
 She must check with not less than five employers per week and she is order[ed] to pick up the appropriate reporting forms from the Child Support Enforcement Agency located on the corner of Elizabeth and Market streets being 200 W. Market Street, Lima, Ohio 45801.
 {¶ 5} The execution of sentence was continued until August 29, 2005. The "Judgment Entry: Execution of Sentence"[1] contained in the record indicates that a hearing was held on this matter on August 29, 2005 with the Judgment Entry *Page 5 
executed on the same day. In its Judgment Entry the court ordered the following:
 Plaintiff shall provide the ACCSEA and the Court with a medical report from her current physician, showing Plaintiff's 1) alleged disability 2) treatments 3) prognosis for recovery 4) impact on Plaintiff's ability to seek and engage in employment within 14 days. The Court will then take the matter of sentencing under advisement.
Although a hearing was held, no transcript of that hearing has been provided to this Court. It appears from its order that the court was requesting information to consider whether Taylor's medical condition was sufficient to justify her failure to seek work.
 {¶ 6} The time period in which Taylor was to file her medical documents was repeatedly extended until November 10, 2005. After the medical documents were filed, execution of sentence was scheduled for January 9, 2006. The court then continued the execution of sentence until March 6, 2006.
 {¶ 7} On March 6, 2006 the court issued a "Judgment Entry: Execution of Sentence," which was again completed by checking the appropriate boxes on the same form. The order stated that
 [t]he Court finds that Plaintiff has complied with the Court's seek work order and the terms and provisions of the Allen County Child Support Enforcement Agency's seek work program as ordered by the Court as a condition of suspension of the pending jail sentence. *Page 6 
The court then suspended Taylor's jail sentenced "conditioned upon said party's continued compliance with all orders of this Court relative to child support and/or seek work."
 {¶ 8} This Court has not been provided a transcript of any hearing that occurred on March 6, 2006. We recognize from the Judgment Entry that the court found Taylor in compliance with the "seek work order" and "seek work program." However, it is apparent from the finding of contempt and request of medical documentation that Taylor was not seeking work or participating in the "seek work program." Although the record, including the March 6, 2006 Judgment Entry, is silent as to what Taylor was to do to continue to stay in compliance with the orders of the court, it appears that the execution of sentence was stayed because the court found Taylor's medical excuses sufficient to excuse her from seeking work or participating in the "seek work program."[2]
 {¶ 9} On November 9, 2006 Frisby and the ACCSEA filed another Motion for Contempt. We note that the ACCSEA records attached to the motion for contempt indicate that Taylor owed $9226.14 in arrearages and $131.38 for the current month of November 2006. Nothing in the record, however, indicates how this amount had changed from the original amount of support of $107.33. The motion states: *Page 7 
 During prior child support enforcement proceedings the Obligor, Teresa J. Frisby nka Tayor, was ordered by this Court to seek employment and comply with the Allen County Child Support Enforcement Agency's seek work program provisions.
 The Obligor has failed to comply with the seek work order and with the Allen County Child Support Enforcement Agency's seek work program provisions.
 Pursuant to the judgment entry filed herein on March 04, 2005 the Obligor, Teresa Frisby nka Taylor, was found to be in contempt of this Court for failure to pay child support.
 Further, pursuant to the aforesaid judgment entry, the Obligor was sentenced to Thirty (30) days confinement in the Allen County Justice Center, said sentence being suspended upon, inter alia, the condition that the Obligor either continue to pay her child support if she is employed, or immediately seek work and comply with all terms and provisions of the Allen County Child Support Enforcement Agency's seek work program.
 {¶ 10} We note that this motion mischaracterizes the March 4, 2005 Order of Contempt. The Order did not specifically condition the imposition of Taylor's jail sentence on payment of child support or participation in the "seek work program." Rather, the court allowed Taylor to purge herself of "the imposition of the jail sentence by complying with the order of this Court in payment of support." The order did, separately, order Taylor to participate in the "seek work program," however, as noted earlier, there is nothing in the court's order or anything else in the record explaining what the "seek work program" entails. Taylor was specifically ordered in the March 4, 2005 order of contempt to check with a certain number of employers each week. However, there is no mention in any *Page 8 
subsequent documentation as to whether she actually complied with this requirement.
 {¶ 11} A hearing was scheduled on the November 9, 2006 motion for contempt for January 3, 2007. Taylor failed to appear before the court and a bench warrant issued. The matter was continued and came before the magistrate on March 21, 2007. A magistrate's decision was issued on April 5, 2007 finding in pertinent part:
 1. Plaintiff Teresa Taylor has been ordered by this Court to seek employment and comply with the Allen County Child Support Enforcement Agency's seek work program and has been ordered to pay child support.
 * * *
 7. Teresa indicates she can't work due to her medical condition but does not provide any specific reasons why she cannot work. Many of the same activities and tasks that she performs in order to obtain a college degree she could also perform at a paid position.
 {¶ 12} Based on these findings, the magistrate found Taylor in contempt for her willful failure to pay child support and to seek work. The magistrate further found that "Teresa is physically able to work just as she is physically able to attend college full time at public expense." The magistrate ordered Taylor to pay a fine of five hundred dollars and sentenced her to sixty days in jail.
 {¶ 13} The magistrate's decision notified Taylor that she had 14 days in which to file objections to the magistrate's decision. On April 19, 2007 Taylor *Page 9 
objected to the decision of the magistrate. On May 16, 2007 the judge overruled the objections to the magistrate's decision. The court then approved and adopted the decision of the magistrate on May 25, 2007 finding that:
Plaintiff, Teresa Taylor, is hereby found to be in contempt of theCourt for her willful failure to pay child support and to seek work.Teresa is physically able to work just as she is physically able toattend college full time at public expense.
 {¶ 14} On June 21, 2007 Taylor moved the court to stay the execution of her contempt sentence pending appeal. The court granted the stay on June 27, 2007.
 {¶ 15} Taylor now appeals.
 Assignment of Error {¶ 16} Although not presented as an assignment of error in compliance with Ohio App. R. 16, in the interest of justice we will address Taylor's contentions. In what appears to be her sole argument, Taylor contends that the trial court erred in finding her in contempt of court.
 {¶ 17} A finding of civil contempt requires clear and convincing evidence that the defendant has failed to comply with the prior orders of the court. Stuber v. Stuber, 3rd Dist. No. 1-02-65, 2003-Ohio-1795. "Clear and convincing evidence has been defined as that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in *Page 10 
the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Seneca County Gen. Health Dist v.Black, 3rd Dist. No. 13-06-28, 2007-Ohio-4232 citingOhio State Bar Assn. v. Reid (1999), 85 Ohio St.3d 327, 331,708 N.E.2d 193, 1999-Ohio-374 (citations omitted).
 {¶ 18} We review a civil contempt sentence for an abuse of discretion by the trial court. Faubel v. Faubel, 2nd Dist. Nos. 05-MA-101 and 05-MA-210, 2006-Ohio-4679. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 19} In reviewing the finding of contempt, we first note that an appellee's brief has not been filed in this case. Pursuant to Ohio App. R. 18(C), if an appellee fails to timely file a brief "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." See also In re Estate ofVann, 3rd Dist. No. 10-05-12, 2005-Ohio-5040.
 {¶ 20} In the present case, the record is unclear as to what orders of the court Taylor may have complied with or violated after the March 6, 2006 judgment entry suspending execution of sentence. For example, while the court *Page 11 
found Taylor in compliance with the ACCSEA "seek work program," based on the information contained in the Judgment Entry we cannot say what information the trial court considered on which to base its finding of compliance. Moreover, we can only surmise from the record that she was not actually participating in the "seek work program" when the court found her to have complied, but rather the court found her medical excuses sufficient to excuse her from participation in the program. In any event, the court did not articulate a basis for its compliance finding and did not articulate any specific orders of the court for Taylor to follow, other than all of the prior orders for which the court had just suspended execution of sentence.
 {¶ 21} Taylor contends that the March 6, 2006 judgment, staying Taylor's sentence and finding her in compliance with the "seek work program" was not based upon her actual compliance with the "seek work program." Rather, Taylor contends that she complied with the orders of the court by continuing to seek counseling, providing the court with pertinent medical documents regarding her medical condition, including preparation for surgery and physical therapy, and signing up for services through the State of Ohio Vocational Rehabilitation Commission.
 {¶ 22} Moreover, Taylor states that to stay in compliance with the prior order of the court she was to provide the court with documents pertaining to her *Page 12 
medical conditions and continue with the State of Ohio Vocational Rehabilitation Commission. With no transcript of that proceeding and with no appellee's brief, we can only accept this as factually true. Taylor's assertion is also supported by a letter from the ACCSEA to Taylor, requiring Taylor to provide the ACCSEA with medical records every six months including records of the following:
 1.) Your injuries/physical disabilities; 2.) Treatments; 3.)Your prognosis for recovery; and 4.) The impact of those condition(s) and treatment(s) upon your ability to seek and engage in employment.
The letter, dated September 13, 2006, also indicates that "[f]ailure to submit the above information to the Allen County Child Support Enforcement Agency by Friday, September 29, 2006 could result in contempt of court actions and possible previously suspended jail time imposed against you."
 {¶ 23} The hearing held on March 21, 2007 appeared to focus on Taylor's health conditions and whether those conditions were sufficient to preclude her from seeking work. However, the May 25, 2007 Judgment Entry states:
 Plaintiff, Teresa Taylor, is hereby found to be in contempt of the Court for her willful failure to pay child support and to seek work. Teresa is physically able to work just as she is physically able to attend college full time at public expense.
 {¶ 24} It appears that by this order, the Court was actually holding Taylor in contempt for violating the March 4, 2005 order, which stated:
 IT IS FURTHER THE ORDER of this Court that Teresa Taylor comply with the seek work program through the Allen County *Page 13 Child Support Enforcement Agency if she is not presently employed.
 She must check with not less than five employers per week and she is order[ed] to pick up the appropriate reporting forms from the Child Support Enforcement Agency located on the corner of Elizabeth and Market streets being 200 W. Market Street, Lima, Ohio 45801.
 {¶ 25} However, the record before this Court does not adequately demonstrate the extent which this order had been modified by the March 6, 2006 suspension of sentence. More importantly, the record does not establish which specific terms of that or any other order were violated by Taylor. Accordingly, we are forced to rely on the facts as presented by Taylor, who argues that she was currently under an order by the court to keep the ACCSEA and the court apprised of her medical conditions affecting her ability to work. In sum, she claims that after March 6, 2006 the seek work order was no longer in force and the record does not demonstrate otherwise. With respect to the medical records, it appears that Taylor did provide certain documents, albeit clearly not to the satisfaction of the trial court.
 {¶ 26} Nevertheless, on the record, there is not clear and convincing evidence demonstrating that Taylor failed to follow any particular order of the court at any particular time after the March 6, 2006 suspension of execution of sentence. For all of these reasons and to this extent only the assignment of error is sustained. *Page 14 
 {¶ 27} Based on the foregoing, the judgment of the Allen County Court of Common Pleas, Domestic Relations Division is reversed.
Judgment Reversed and Cause Remanded.
 PRESTON and WILLAMOWSKI, J.J., concur.
[1] We note that the "Judgment Entry: Execution of Sentence" is a form that repeatedly appears in the record that allows the court to quickly note whether a plaintiff or defendant has complied or not complied with orders of the court, including orders to pay child support. This form also allows for the suspension or imposition of jail time, along with conditions to such.
[2] There is nothing in the record describing or otherwise explaining the terms or requirements of the "seek work program." *Page 1