DRULEY *v.* KELLER, ADMR., ET AL.

(No. 58553—Decided February 2, 1966.)

Common Pleas Court of Clark County.

*Mr. Chester T. Freeman,* for plaintiff.
*Mr. Donald B. Ruben,* for defendants.

GOLDMAN, J. This matter is before the court on a motion by the defendant, Administrator of the Bureau of Workmen's Compensation, for a summary judgment in his favor, seeking to dismiss the action on the ground that there is no genuine issue as to any material fact, and that the pleadings and affidavits attached show that said defendant is entitled to judgment as a matter of law.

It should be noted that the question raised by the motion for summary judgment is similar to that heretofore raised on a motion by the same defendant for an order to dismiss the notice of appeal and the petition; this latter motion was heard and overruled by a judge of this court other than the author of this opinion.

The pertinent facts are as follows:

Plaintiff was injured in 1943. She made claim for workmen's compensation, which was allowed, and received payments of same until *December 22, 1947*, which is the date claimed by defendant as the date of last payment and which may be accepted as true for the purposes of this decision. (Emphasis throughout by the court.)

Thereafter, on October 7, 1957, more than two months *before* ten years following date of last payment, plaintiff properly filed a motion before the Industrial Commission of Ohio asking to be reimbursed for certain medical bills.

On November 12, 1957, the Administrator ruled on this motion and ordered:

"When claimant or her counsel submit proper paid bills covering the amounts she wished refunded, claimant's motion be further considered."

It is *this* latter ruling of the Administrator which gives rise to the principal issue before this court. It also should be noted that this order of *November 12, 1957*, was on a date approximately six weeks *prior* to the expiration of ten years following date of last payment made to plaintiff.

Plaintiff did not submit requested bills until almost six years later, to wit, on April 12, 1963. It is suggested that one of the reasons for her failure to do so is her continued ill health during all of the period involved. In any

event, on that date she filed a motion with the Industrial Commission requesting that they consider the matter of repayment, and submitted the bills for which payment was claimed.

On October 28, 1963, the Industrial Commission denied her motion, claiming that ten years had elapsed and under the statute, Section 4123.52 R. C., they had lost jurisdiction to consider the claim.

In his motion for summary judgment, defendant, Administrator, chiefly relies upon Section 4123.52 in support of his request for a decision in his favor.

In answer to the above contention, plaintiff argues that the filing of the motion on *October 7, 1957*, being more than two months before the expiration of the ten-year period, tolled the running of the statute, and, since in the order of November 12, 1957, the Administrator did not place a limitation on the time within which proper bills were to be submitted, that her claim is not now barred.

In reply the defendant contends that, even if the statute was tolled by reason of the filing of the motion on October 7, 1957, nevertheless Rule 6 adopted by the Industrial Commission prevented the consideration of the claim, because said Rule 6 requires that bills for medical expenses are barred unless filed either within two years from the time the services were supplied *or within six months from the time the Bureau of Compensation assumed jurisdiction,* etc. Defendant further points out that, since the bills were not filed till almost *six years* later, any jurisdiction which the Bureau may have had has been lost. To this plaintiff replies that, by reason of the open-end wording of the order of November 12, 1957, in which *no* limitation to the time for filing of the bills was imposed, the rule is inapplicable.

The court has carefully examined and considered the memoranda, briefs, affidavits and exhibits filed in the case. Keeping in mind that the relief here sought is summary judgment, the court finds first that there may be a genuine issue as to a material fact, as will be later noted in this opinion. The court also finds that it is not at all clear that

the Industrial Commission was without jurisdiction to consider the claimant's motion of April 12, 1963, or that plaintiff's alleged failure to comply with Rule 6 bars her recovery.

An examination of Form C-86, on which plaintiff filed her motion on October 7, 1957, a copy of which is included among the exhibits submitted by defendant, discloses the following statement contained thereon:

"Claimant also asks the Commission to refund her the money she has paid for her doctor bills *and for which she is attaching receipts.*"

This suggests first of all that there was a compliance of some sort with the ruling of the Commission pertaining to bills being submitted. It is a matter of common knowledge that frequently physicians neglect to prepare their bills in the exact form required or sometimes within a particular required time. This *may* have accounted for the plaintiff's failure, if any, in the first instance, to have bills in the exact form required by the bureau, but it does suggest something less than a total failure to submit bills in support of her claims.

It is furthermore of interest to speculate what would have happened had the plaintiff, pursuant to the Administrator's ruling on November 12, 1957, submitted these bills in a form considered satisfactory on *December 31, 1957,* which would have been only *six weeks* after the order of November 12, 1957, was issued. She would then have been within Rule 6, which requires such filing within six months, but *would still have been beyond the ten-year period* which the administrator insists had terminated on December 22, 1957, and which he now claims deprived the commission of jurisdiction. However, if the ten-year limitation once barred plaintiff's claim, it is difficult to understand how the commission could extend its jurisdiction by its rules, although the defendant seems to suggest it could. If jurisdiction was lost on December 22, 1957, it seems to this court that Rule 6 could not revive it. All of this is now noted only to emphasize the difficulties with defendant's contentions, which at least make the issue of law applicable

in this case something less than entirely clear or conclusive as is required by the summary judgment act.

In light of the above considerations, this court finds that the running of the statute, Section 4123.52, Revised Code, was tolled on October 7, 1957, and further, in view of the ruling made on November 12, 1957, which was vague as to the time within which it was to be complied with, that the plaintiff's action on April 12, 1963, in submitting further medical bills, was not untimely, and that the Industrial Commission retained jurisdiction to consider her motion.

Finally, the court calls attention to Section 4123.95, Revised Code, which requires a liberal construction of the workmen's compensation law in favor of employees. It appears sometimes that this requirement is lightly brushed aside and even on occasion disregarded. This court is of the opinion that the situation in the instant case is one that peculiarly comes within both the letter and the spirit of that section, and for the reason stated the motion for summary judgment should be and is denied.