SCHON, APPELLANT, v. NATIONAL TEA CO., APPELLEE.

(No. 4858—Decided September 16, 1969.)

Mr. *George A. Tzangournis*, for appellant.
Messrs. *Manchester, Bennett, Powers & Ullman*, for appellee.

JOHNSON, J. This is an appeal on questions of law from a judgment of the trial court wherein a demurrer was sustained to plaintiff's petition.

On May 11, 1967, plaintiff's cause of action was dismissed for failure to prosecute. A new action was commenced under the provisions of Section 2305.19, Revised Code, by the filing of a petition on May 11, 1968. 1968 being a leap year, the month of February contained twenty-nine days. Thus plaintiff's petition was filed on the three hundred sixty-sixth day after dismissal. Was the petition timely filed?

Section 2305.19, Revised Code, as pertinent, reads:

"In an action commenced, * * * if the plaintiff fails

otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, * * * may commence a new action within one year after such date. * * *''

Section 1.14, Revised Code, provides, in part:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; * * *.''

There is no legislative definition of the term, "year,'' in Ohio. There are no Ohio decisions bearing directly on the point at issue.

Defendant urges that the legislative intent should be construed to mean a period of three hundred sixty-five days. The provisions of Section 1.14, Revised Code, would require that the first day should be excluded, the last day included, and, under the instant facts, May 10, 1968, would be the last day to commence an action. Such was the holding of the trial court.

We are of the opinion that such a rule would lead to confusion, in that in one year out of four, under the subject facts, such a holding would result in the defeat of a litigant's claim.

We are also enjoined to consider that the statute is a remedial statute and, as such, is to be liberally construed. See *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Bemis*, 64 Ohio St. 26; *Jacobs* v. *Haggerty*, 97 Ohio App. 553; *Sherman* v. *Air Reduction Co.*, 251 F. 2d 543; *Cero Realty Corp.* v. *American Manufacturers Mutual Ins. Co.*, 171 Ohio St. 82; *LaBarbera* v. *Batsch*, 10 Ohio St. 2d 106, at page 114.

In Opinions of Attorney General (1960), 128, No. 1170, an interpretation of the provisions of Section 8, Article XVIII of the Ohio Constitution was asked relative to the use of the word, "year,'' contained therein. The Attorney General held that year "must be construed to mean 365 days and during a year which includes a leap year February, 366 days.''

In 86 Corpus Juris Secundum 832, at 834, Time, Section 9, it is stated:

"In computing a period of one year from the happening of a particular event, the year beings the day following the day the event occurred and ends at the close of the first anniversary of the day the event occurred, that is, the year expires at midnight of the last day. * * *"

The holdings in Ohio relative to a "calendar year" are that it is a period of time from January first through December thirty-first. See *State, ex rel. Gareau,* v. *Stillman,* 18 Ohio St. 2d 63. As applied, it automatically takes into account the fact of a leap year.

We conclude that the better rule in the interpretation of the legislative intent relative to the meaning of "year" as used in Section 2305.19, Revised Code, is that rule which automatically takes into account the quadrennial fluctuation contained in the Gregorian calendar.

We hold that the term, "year," is that period of time commencing the following day after the act or event occurred and ending at the close of the first anniversary of the day the act occurred.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

LYNCH, P. J., and O'NEILL, J., concur.