[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On September 9, 1999, plaintiff-appellant, Patrick Creed, filed a complaint alleging that he had been injured in a fall on property owned by defendant-appellee, B L Company. In the complaint, Creed alleged that his injuries had occurred on September 9, 1997.
Subsequently, B L moved for summary judgment, arguing that Creed's complaint had not been filed within the two-year statute of limitations for bodily injury set forth in R.C. 2305.10. In support of its motion, it presented evidence showing that Creed had received emergency medical treatment for a fall on September 8, 1997. Creed did not present any rebutting evidence. Instead, he argued that, even if the injury had occurred on September 8, 1997, his complaint was still timely filed.
The trial court granted B L's motion for summary judgment, ruling that Creed's complaint had been filed one day outside of the two-year statute of limitations. Creed has filed a timely appeal from that judgment.
In his sole assignment of error, Creed contends that the trial court erred in granting B L's motion for summary judgment. He argues that, pursuant to Civ.R. 6 and R.C. 1.44 and 1.45, his complaint was filed within the applicable statute of limitations. This assignment of error is not well taken.
R.C. 2305.10 states that "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Civ.R. 6(A) provides that, in computing any period of time prescribed or allowed by statute, "the date of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *." Because Creed failed to meet his burden to present evidence showing that the accident did not occur on September 8, 1997, no genuine issue of fact existed on the date of the accident. See Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Stinespring v. Natorp GardenStores, Inc. (1998), 127 Ohio App.3d 213, 215-216, 711 N.E.2d 1104,1106. Consequently, if the accident occurred on September 8, 1997, the statute of limitations did not begin to run until September 9, 1997.
Creed relies upon R.C. 1.44 and 1.45. R.C. 1.44(B) provides that the term "[y]ear" "means twelve consecutive months." Further, R.C. 1.45
provides that "[i]f a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation began * * *." However, these statutes do not apply to R.C.2305.10, which sets forth the applicable statute of limitations in terms of years, not months. An action not filed within two years of the date the cause of action arose is filed out of time. Johnson v. AlliedSignal, Inc. (Oct. 8, 1999), Portage App. No. 98-P-0063, unreported; Langv. Miami Business Interiors (Sept. 2, 1986), Butler App. No. CA86-01-002, unreported.
Consequently, the statute of limitations in this case began to run on September 9, 1997, and expired on the two-year anniversary of the date of the accident, September 8, 1999. The complaint, therefore, was filed one day outside of the statute-of-limitations period, and the trial court did not err in granting B L's motion for summary judgment. Johnson, supra;Lang, supra. Accord Schon v. Natl. Tea Co. (1969), 19 Ohio App.2d 222,250 N.E.2d 890; Babcock v. S.E. Johnson Co. (July 17, 1992), Wood App. No. 91WD118, unreported. Accordingly, we overrule Creed's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.