[Cite as *Copeland v. Bur. of Workers' Comp.,* 192 Ohio App.3d 586, 2011-Ohio-813.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


COPELAND,

     Appellant,

     v.

ADMINISTRATOR, BUREAU OF
WORKERS' COMPENSATION, ET AL.,

     Appellees.

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Shelila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 2010CA00224

O P I N I O N


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
Case No. 2010CV00212


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT ENTRY:     February 22, 2011


APPEARANCES:

Steven A. Struhar, for appellant.

Michael DeWine, Attorney General, and Vincent T. Lombardo, Assistant Attorney
General, for appellees.


     FARMER, Judge.

     {¶ 1} On September 8, 1977, appellant, Thomas Copeland, sustained an injury
while at work. Appellant filed a workers' compensation claim, which was allowed for

"sprain/contusion left knee with fragments left patella; prepatellar bursitis, left knee; internal derangement, left knee."

{¶ 2} On January 17, 2006, appellant filed a C-9 request for the payment of additional treatment. On April 12, 2006, appellant filed a C-86 for the additional allowance of "osteoarthritis left knee and chondromalacia patella left knee." On July 15, 2009, appellant filed a C-86 seeking a determination on the January 17, 2006 request and the payment of additional medical bills. Appellant refiled the April 12, 2006 C-86 on September 9, 2009.

{¶ 3} A hearing before a district hearing officer was held on September 10, 2009. The district hearing officer denied the requests, finding that appellant failed to prove that his C-9 request was reasonably related to the allowed conditions, and that his C-86 request was beyond the statute of limitations under R.C. 4123.52, as his last medical bill was paid on March 20, 1996. This determination was affirmed by the staff hearing officer on October 20, 2009. The industrial commission refused to hear the appeal.

{¶ 4} On January 20, 2010, appellant filed an appeal with the Court of Common Pleas of Stark County, Ohio. Appellee, Administrator, Bureau of Workers' Compensation, and appellant each filed motions for summary judgment. By judgment entry filed July 20, 2010, the trial court granted the motion, finding that the statute of limitations had expired on appellant's claim.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

**{¶ 6}** "The trial court committed prejudicial error by granting appellee's motion for summary judgment as to whether this worker's compensation claim has expired pursuant to R.C. Section 4123.52."

II

**{¶ 7}** "The trial court committed prejudicial error by failing to grant appellant's motion for summary judgment on the issue of whether this worker's compensation claim has expired pursuant to R.C. Section 4123.52."

I, II

**{¶ 8}** Appellant claims that the trial court erred in granting summary judgment to appellee under the theory that the statute of limitations of R.C. 4123.52 barred the filing of his claim for reactivation and treatment. We agree.

**{¶ 9}** Summary-judgment motions are to be resolved in light of the dictates of Civ.R. 56. That doctrine was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448:

**{¶ 10}** "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

3

{¶ 11} As an appellate court reviewing summary-judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶ 12} The narrow question raised by this appeal is whether the January 17, 2006 C-9 filing tolled the statute of limitations. Appellant argues it did, and therefore the subsequent C-86 claims to seek "the precise conditions necessary to obtain authorization for the treatment" filed during the tolled time were timely filed. Otherwise, "[i]t would not make any sense to toll the statute of limitations for consideration of a treatment request if it is not also tolled for consideration of the additional condition necessary to obtain authorization for that treatment."

{¶ 13} The district hearing officer denied the January 17, 2006 C-9 on September 15, 2009. The question is whether the 3 3/4 years from filing to decision tolled the statute of limitations. The district hearing officer found that the statute of limitations expired on March 20, 2006, ten years after the payment date of the last medical bill, March 20, 1996.

{¶ 14} Appellee contends that the statute of limitations is tolled only if the medical-bill request is actually paid. Through the affidavit of counsel, Steven Struhar, we accept as true, for summary-judgment purposes, that the present C-86 claim was filed on September 9, 2009, prior to the September 15, 2009 decision to deny the January 17, 2006 C-9 claim. Appellee never disputed this fact.

{¶ 15} The applicable statute, R.C. 4123.52, states the following:

4

{¶ 16} "The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the applicable time limit as provided in this section."

{¶ 17} We have some guidance on this issue from our brethren from the Tenth District Court of Appeals in *Rowland v. White Castle Sys., Inc.* (1986), Franklin App. No. 86AP-188, in which they reviewed an 11-year time span between injury and claim reactivation under R.C. 4123.52. They noted that a letter sent to the Bureau of Workers'

5

Compensation at the time of the injury included medical bills that appellant sought payment for 11 years later:

{¶ 18} "Although we find it difficult to understand why the appellant allowed an inordinate period of time to lapse before taking any action, he was entitled as a matter of law to have the requested fees paid. Based on the facts before this court, we find the bills were properly submitted to the bureau and the ten-year statute of limitation in R.C. 4123.52 was tolled. *Druley v. Keller* (1966), 14 Ohio Misc. 81."

{¶ 19} In this case, the inactivity on appellant's claim is chargeable to appellee. A C-9 claim is not initiated by a claimant, but by a medical provider. Appellant had no motivation to expeditiously pursue the January 17, 2006 claim.

{¶ 20} Upon review, we find that the trial court erred in granting summary judgment to appellee. The matter is reversed and remanded to the Industrial Commission for consideration of the C-86 filed September 9, 2009.

{¶ 21} Assignments of error I and II are granted.

Judgment reversed

and cause remanded.

GWIN and EDWARDS, JJ., concur.