[Cite as *PNC Bank, N.A. v. Craig*, 2012-Ohio-5410.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| PNC BANK, N.A. | : | |
| | : | Appellate Case No. 25010 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CV-7475 |
| v. | : | |
| | : | |
| MERRILL C. CRAIG, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of November, 2012.

. . . . . . . . . . .

CHARLES F. ALLBERY, III, Atty. Reg. #0006244, and CANICE J. FOGARTY, Atty. Reg.#0010046, Allbery Cross Fogarty, 137 North Main Street, Suite 500, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee, PNC Bank, N.A.

CAROL CRAIG, 4447 Needmore Road, Dayton, Ohio 45424
        Defendant-Appellant, *pro se*

GEORGE PATRICOFF, Atty. Reg. #0024506, Montgomery County Prosecutor's Office, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee, Montgomery County Treasurer

. . . . . . . . . . . .

FRANK D. CELEBREZZE, JR., J. (By Assignment):

{¶1}    Defendant-appellant, Carol J. Craig, appeals the judgment of the Montgomery

County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, PNC Bank, N.A. For the following reasons, we affirm the judgment of the trial court.

{¶2} On April 26, 2004, appellant executed a promissory note in the principal sum of $116,608 in favor of PNC Bank, as the successor in interest by merger with National City Mortgage Company. Simultaneously therewith, appellant executed a mortgage in favor of PNC Bank to secure that obligation. On September 26, 2011, PNC Bank filed a complaint for foreclosure of the residential mortgage alleging that appellant had not paid according to the terms of the promissory note and payments were in default in excess of 90 days. PNC Bank elected to declare the entire principal sum of the promissory note due at once in the amount of $109,675.08, including interest calculated through September 29, 2011.

{¶3} On December 19, 2011, PNC Bank filed a motion for summary judgment on its complaint to foreclose appellant's residential mortgage. On December 22, 2011, the trial court established a submission date of January 12, 2012, for appellant to respond to the motion for summary judgment. Ultimately, appellant did not respond to the motion, as provided by Civ.R. 56, and the trial court granted the summary judgment motion on January 12, 2012.

{¶4} Appellant now brings this timely appeal, pro se.

Law and Analysis

{¶5} Appellate courts review a trial court's entry of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law

no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980).

**{¶6}** Preliminarily, we note that an appellant carries the burden of affirmatively demonstrating error on appeal. App.R. 9 and 16(A)(7); *State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549, 53 N.E.2d 521 (1944). Appellant, as a pro se civil litigant, "is bound by the same rules and procedures as litigants who retain counsel." *Miner v. Eberlin*, 7th Dist. Belmont No. 08-BE-21, 2009-Ohio-934, ¶ 11. "'[Pro se civil litigants] are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" *Karnofel v. Cafaro Mgmt. Co.*, 11th Dist. Trumbull No. 97-T-0072, 1998 WL 553491, *2 (June 26, 1998), quoting *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981).

**{¶7}** A review of appellant's appellate brief reveals that she has failed to comply with App.R. 16, which mandates that an appellant's brief must contain assignments of error presented for review with reference to the place in the record where each error is reflected. Namely, appellant has failed to set forth any assignments of error or legal arguments for our review. Instead, appellant's brief contains references to facts not relevant to this foreclosure action.

**{¶8}** Even construing appellant's statements as assignments of error, they are without merit. The trial court did not err in granting PNC Bank's motion for summary judgment. Appellant, as the nonmoving party, failed to meet her reciprocal burden, pursuant to Civ.R. 56(E), which provides in relevant part:

When a motion for summary judgment is made and supported as provided in

this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶9} By failing to respond to PNC Bank's motion for summary judgment, appellant did not provide evidence illustrating a genuine issue of material fact. Based on the opinion of this court, the judgment of the Montgomery County Court of Common Pleas is hereby affirmed.

{¶10} Judgment affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Charles F. Allbery, III
Canice J. Fogarty
Carol Craig
Mathias H. Heck
George Patricoff
Hon. Mary K. Huffman