[Cite as *Crump v. Batie*, 2013-Ohio-2345.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

KIMBERLY CRUMP, et al.                :

     Plaintiffs-Appellants          :          C.A. CASE NO.    2012 CA 69

v.                                    :          T.C. NO.    12CV269

DR. ROD E. BATIE                      :          (Civil appeal from
                                       Common Pleas Court)

     Defendant-Appellee            :

                                              :

. . . . . . . . . .

## O P I N I O N

Rendered on the ___7th___ day of ___June___, 2013.

. . . . . . . . . .

LEO P. ROSS, Atty. Reg. No. 0031061, 915 S. High Street, Columbus, Ohio 43206
    Attorney for Plaintiffs-Appellants

KAREN L. CLOUSE, Atty. Reg. No. 0037294, 2075 Marble Cliff Office Park, Columbus,
Ohio 43215
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**  This matter is before the Court on the Notice of Appeal of Kimberly

and

William Crump, filed September 24, 2012. The Crumps appeal from the trial court's August 24, 2012 Entry granting summary judgment in favor of Dr. Rod E. Batie on the Crumps' medical negligence action.

{¶ 2} The Crumps initially filed their complaint against Batie on August 17, 2010, and then they voluntarily dismissed it without prejudice, pursuant to Civ.R. 41(A)(1). The "Notice of Voluntary Dismissal," attached to Batie's motion for summary judgment, is time stamped March 15, 2011. The Crumps then refiled their complaint on March 16, 2012. Batie moved for summary judgment on June 27, 2012, asserting that the Crumps "failed to file this action within the time provided by the applicable statute of limitation and saving statute."

{¶ 3} In sustaining Batie's motion for summary judgment, the trial court indicated as follows:

> * * * Plaintiffs filed their original lawsuit against Dr. Batie on August 17, 2010. The case was voluntarily dismissed by plaintiffs pursuant to Civ.R. 41(A)(1) on March 15, 2011. Plaintiffs re-filed this claim on March 16, 2012, therefore, this new suit was filed more than one year after plaintiffs' original action failed otherwise than on the merits and after the statute of limitations for bringing a medical negligence action against Dr. Batie had expired.

> Upon a review of the pleadings, the Court finds, the evidence and facts of this case demonstrate that no genuine issue of material facts exists with respect to this case. The statue of limitations and the saving statute expired before the plaintiff[s] re-filed their complaint, therefore, defendant is

entitled to judgment in his favor as a matter of law.

{¶ 4} On August 31, 2012, the Crumps filed, pursuant to Civ.R. 60(B), a "Verified Motion to Vacate August 24, 2012 Order Granting Summary Judgment in Favor of Defendant," which Batie opposed. The trial court overruled the Crumps' motion on October 11, 2012.

{¶ 5} The Crumps assert one assigned error herein as follows:

"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶ 6} The Crumps assert that their initial complaint "was dismissed at the request of Appellant by the Court, according to the docket of entries at Exhibit A, on March 17, 2011. On June 27, 2012, Appellee filed a motion for summary judgment. A motion the undersigned did not see prior to the trial court's ruling." The Crumps assert in a footnote that "confusion may have occurred because Appellee's previous counsel was suspended from the practice of law on November 3, 2011. It is believed that mailings from the court may have been erroneously sent to previous counsel." The Crumps assert that, following the trial court's grant of summary judgment, they moved the court for relief from judgment "for the reason the undersigned did not receive a copy of or file opposition to" Batie's motion for summary judgment. Finally, the Crumps assert that "a factual issue exists concerning whether the case was refiled within a year of voluntary dismissal. The answer to this inquiry will depend on whether the starting point for calculation is March 15, 2011 or March 17, 2011." They contend that the "answer may also be effected by whether Appellee was in Ohio at all time[s] between March 15, 2011 and March 16, 2012. If he was

out of State, the number of days he was out of State, tolls the statute of limitations under R.C. 2305.19."

**{¶ 7}** As this Court has previously noted:

Summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co., Inc.*, (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46; citing Civ. R. 56(C). *Huntington National Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, ¶ 5.

**{¶ 8}** As this Court has further noted:

Appellate courts review a trial court's entry of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980). *PNC Bank, N.A. v. Craig*, 2d Dist. Montgomery No. 25010, 2012-Ohio-5410, ¶ 5.

**{¶ 9}** R.C. 2305.113(E)(3) defines a "medical claim" as "any claim that is asserted in any civil action against a physician * * * and that arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.113(A) provides that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." "A cause of action for medical malpractice accrues upon the later of either (1) the termination of the physician-patient relationship for that condition, or (2) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337." *Shade v. Bleser*, Montgomery No. 20938, 2005-Ohio-6544,¶ 10.

**{¶ 10}** Batie does not dispute that the Crumps' initial complaint was filed within the statute of limitations. Civ.R. 41(A)(1) provides that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal before the commencement of trial * * * ." "Unless otherwise stated in the notice of dismissal * * * the dismissal is without prejudice * * * ." Civ.R. 41(A)(1)(b). "It is well-established that, ordinarily, when a plaintiff dismisses an action without prejudice, pursuant to Civ.R. 41(A), the parties are left as if no action had been brought." *Jackson v. Allstate Ins. Co.*, 2d Dist. Montgomery No. 20443, 2004-Ohio-5775, ¶ 24; *see Otworth v. Department of Mental Health*, 10th Dist. Franklin No. 92AP-555, 1992 WL 292372, *2 (Oct. 13, 1992). ("The peculiar feature of Civ.R. 41(A) is that it gives authority to a plaintiff to dismiss an action without order of the court. The filing of such notice of dismissal thus results in an immediate dismissal of the action.")

**{¶ 11}** Ohio's savings statute provides in relevant part that "[i]n any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may

commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19(A). "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute." *Frysinger,* at syllabus 2.

{¶ 12} Civ.R. 6(A) provides as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday.

R.C. 1.14 provides: "The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday."

{¶ 13} We agree with the Seventh District's rationale in *Schon v. National Tea Co.*, 19 Ohio App.2d 222, 224, 250 N.E. 2d 890 (7th Dist. 1969), that in computing time in a leap year such as 2012, which contains 366 days, "the better rule in the interpretation of the legislative intent relative to the meaning of 'year' as used in Section 2305.19, Revised Code, is that rule which automatically takes into account the quadrennial fluctuation contained in

the Gregorian calendar," such that "the term, 'year,' is that period of time commencing the following day after the act or event occurred and ending at the close of the first anniversary of the day the act occurred."

{¶ 14} As Batie asserts, and the trial court's docket and the clerk's time stamp reflect, the Crumps filed their voluntary dismissal on March 15, 2011, which was a Tuesday, and the anniversary date thereof was Thursday, March 15, 2012, which was neither a weekend or a legal holiday. As the trial court determined, the Crumps' March 16, 2012 complaint was filed more than a year after their original action failed otherwise than on the merits and after the one year statute of limitation expired.

{¶ 15} Regarding the Crumps' assertion that the application of the savings statute is tolled by R.C. 2305.15, we disagree. R.C. 2305.15(A) provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

As this Court has previously noted, R.C. 2305.15 does not "apply to an action refiled pursuant to R.C. 2305.19. *Saunders v. Choi* (1984), 12 Ohio St.3d 247, 466 N.E.2d 889."

*Lesher v. McDermott*, 2d Dist. Miami No. 02CA0025, 2003-Ohio-458, ¶ 27.

**{¶ 16}** We note that, while the Crumps' notice of appeal and assigned error is limited to the trial court's decision on Batie's motion for summary judgment, both parties in their briefs address the trial court's decision on the Crumps' Civ.R. 60(B) motion for relief from judgment, upon which the trial court ruled while the Crumps' appeal was pending. As this Court has previously noted:

It has been the longstanding rule in Ohio that a direct appeal divests a trial court of jurisdiction to rule on a Civ .R. 60(B) motion for relief from judgment. *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105, citing *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147, 150-151, 574 N.E.2d 1142. "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890. *Wells Fargo Fin. Ohio 1 Mtge. Grp. v. Lieb*, 2d Dist. Montgomery No. 23855, 2010-Ohio-6111, ¶ 10.

**{¶ 17}** The Crumps did not request a remand from this Court to permit a ruling on their Civ.R. 60(B) motion, and no such remand was issued. "Without a limited remand from this Court, the trial court lacked jurisdiction to issue its judgment overruling the motion for relief from judgment, and that judgment is null and void. *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 290, 680 N.E.2d 1046." *Lieb*, *id*.

**{¶ 18}** Finally, we note that the Crumps' suggestion that "mailings from the Court

may have been erroneously sent to previous counsel" is belied by the trial court's March 20, 2012 Summons and July 3, 2012 Notice of a non-oral summary judgment motion hearing on August 3, 2012, both of which list the correct name and address for the Crumps' counsel. We further note that the certificate of service attached to the motion for summary judgment reflects the correct name and address for counsel for the Crumps.

{¶ 19} There being no genuine issue of material fact, the Crumps' assigned error lacks merit, and it is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Leo P. Ross
Karen L. Clouse
Hon. Douglas M. Rastatter