[Cite as *Wright v. Miami Valley Hosp.*, 2013-Ohio-4233.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| BOBBIE WRIGHT | : | |
| | : | Appellate Case No. 25542 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-CV-06352 |
| v. | : | |
| | : | |
| MIAMI VALLEY HOSPITAL | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 27th day of September, 2013.

. . . . . . . . . . .

BOBBIE WRIGHT, 47 York Avenue, Dayton, Ohio 45403
    Plaintiff-Appellant, *pro se*

DOUGLAS S. JENKS, Atty. Reg. #0079647, and GARY W. AUMAN, Atty. Reg. #0010414, Dunlevey, Mahan & Furry, 110 North Main Street, Suite 1000, Dayton, Ohio 45402-1738
    Attorneys for Defendant-Appellee, Miami Valley Hospital

CHRISTOPHER HOGAN, Atty. Reg. #0079647, 110 North Main Street, Suite 1000, Dayton, Ohio 45402
    Attorney for Defendant-Appellee, Careworks Consultant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    Bobbie Wright appeals pro se from the trial court's decision, order, and entry

dismissing her workers' compensation appeal pursuant to Civ.R. 41(B)(1) for failure to prosecute.

{¶ 2}     Wright's appellate brief consists of a letter to this court. She requests a hearing to prove her entitlement to workers' compensation benefits due to alleged HIV exposure while working at Miami Valley Hospital ("MVH"). Although Wright no longer works there, she contends she should have received disability and workers' compensation benefits. Wright claims she has evidence that she contracted HIV through her work. Her letter fails, however, to address the trial court's basis for finding dismissal proper.

{¶ 3}     The record reflects that Wright filed a workers' compensation claim, which was denied. Following final administrative review by the Industrial Commission, Wright sought judicial relief. She filed a pro se notice of appeal in the trial court on August 31, 2012, naming as defendants MVH, Careworks Consultants, and the law firm of Dunlevey, Mahan & Furry.[1] (Doc. #1).

---

[1] Careworks Consultants appears to be MVH's third-party workers' compensation administrator. Dunlevey, Mahan & Furry is MVH's legal counsel.

{¶ 4} On September 27, 2012, Careworks moved for dismissal under Civ.R. 12(B)(6). (Doc. #11). The law firm moved for Civ.R. 12(B)(6) dismissal on October 5, 2012. (Doc. #13). That same day, MVH sought Civ.R. 41(B)(1) dismissal for failure to prosecute. (Doc. #12). MVH argued that it was unclear whether Wright's August 31, 2012 filing was a notice of appeal or a complaint. If the document was a notice of appeal, MVH argued it was entitled to dismissal for failure to prosecute because Wright had not filed a complaint as required by R.C. 4123.512(D). Alternatively, if the document was a complaint, MVH claimed dismissal was appropriate because Wright had not filed a notice of appeal invoking the trial court's jurisdiction. Either way, MVH asserted that dismissal was proper because the August 31, 2012 document could not be *both* the notice of appeal and the complaint. Wright filed a pro se response on October 22, 2012, asking "to have the case allowed" and professing to have evidence to support a workers' compensation claim.[2] (Doc. #14).

{¶ 5} The trial court sustained the Civ.R. 12(B(6) motions filed by Careworks and the law firm. (Doc. #19). It also sustained MVH's motion to dismiss for failure to prosecute. (Doc. #20). The trial court observed that "nowhere in her response does Plaintiff address whether her [August 31, 2012] Notice is a notice of appeal or a complaint." (*Id*. at 2). The trial court proceeded to find that the document was a notice of appeal. (*Id*. at 3). It then determined that a workers' compensation notice of appeal and complaint could not be combined. (*Id*.). Therefore, it examined the record and found nothing else Wright had filed that could be construed as a complaint. It reasoned:

> * * * Plaintiff has filed only three items: her Notice of Appeal, her

---

[2] It is unclear whether Wright was responding to MVH's motion to dismiss, the separate motions to dismiss filed by Careworks and Dunlevey, Mahan & Furry, or to all three motions.

Response, and a "Notice: of Filing CD ROM of Evidence Filed" on October 22, 2012. The Notice, as previously discussed, cannot be both the notice and the complaint, so the Court has determined that it is a notice of appeal. The Response is clearly a response to one or several of the motions to dismiss filed, and thus is not a complaint. And the "Filing of Evidence" does not comport with the statutory requirements which state that a complaint must be a "statement of facts . . . showing a cause of action . . . ." R.C. §4123.512(D). Therefore, the Court finds that the Plaintiff has not filed a complaint in this matter as required by statute. [footnote omitted].

Without a complaint filed, the Court must finally consider whether the action should be dismissed pursuant to Civ.R. 41(B)(1). Defendant's Motion puts Plaintiff on notice that her claim may be dismissed. The Motion also illustrates several reasons why the requested dismissal should be granted such that Plaintiff should have been able to adequately respond. Plaintiff did indeed respond to Defendant's Motion, but her Response did not set forth (1) whether the Notice filed was a notice of appeal or a complaint or (2) any good cause or reason why she should be provided an opportunity to file a complaint beyond the 30 days. Therefore, Plaintiff has not met her burden in showing good reason why this appeal should not be dismissed for failure to prosecute.

(*Id*. at 3-4).

**{¶ 6}** On appeal, Wright does not address the trial court's basis for sustaining the motions to dismiss filed by MVH, Careworks, and Dunlevey, Mahan & Furry. In her letter, she

asserts only that she can prove her entitlement to workers' compensation and disability benefits. It is well settled that "an appellant carries the burden of affirmatively demonstrating error on appeal." *PNC Bank, N.A. v. Craig*, 2d Dist. Montgomery No. 25010, 2012-Ohio-5410, ¶6. This rule applies equally to parties represented by counsel and pro se litigants. *Id.* Because Wright has not even addressed the trial court's grounds for sustaining the motions to dismiss, it follows that she has not demonstrated error in those rulings. This is a sufficient reason to affirm the trial court's judgment.

{¶ 7} In any event, we see no error in the trial court's rulings. We see no potential claim against Careworks or Dunlevey, Mahan & Furry in this workers' compensation appeal, as those entities were not Wright's employer. Therefore, the trial court did not err in sustaining the Civ.R. 12(B)(6) motions.

{¶ 8} With regard to MVH, we also see no error in the trial court's dismissal for failure to prosecute. The trial court correctly found that the document Wright filed on August 31, 2012, is a notice of appeal. It is captioned as a notice of administrative appeal, and the first sentence requests an appeal. Moreover, a determination that the document is a notice of appeal works in Wright's favor. If it were not a notice of appeal, the trial court would have lacked jurisdiction to proceed at all.

{¶ 9} We also agree with the trial court that Wright's notice of appeal could not be her complaint. In workers' compensation appeals, the Ohio Revised Code requires the filing of two things: a notice of appeal from the Industrial Commission's final order and a complaint or, more accurately, a "petition." *See* R.C. 4123.512(A) and (D). One document cannot serve both roles. *Karnofel v. Cafaro Mgmt. Co.*, 11th Dist. Trumbull No. 97-T-0072, 1998 WL553491, *3 (June

26, 1998) ("We believe that appellant's November 26, 1996 filing must be characterized as either a notice of appeal pursuant to R.C. 4123.512(A) and (B) or a petition pursuant to R.C. 4123.512(D). It cannot be both. The plain language of the statute dictates that two separate filings are required.").

{¶ 10} The trial court also reasonably determined that Wright's October 22, 2012 response was not a complaint or "petition." On its face, the document was styled as a response to one or more of the motions to dismiss. Wright's filing of evidence also did not qualify as a "petition," which consists of "a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action," R.C. 4123.512(D).

{¶ 11} Finally, the trial court correctly found that Wright had notice of the possible dismissal and an opportunity to show good cause or to request an extension of time to file a petition. *See Zuljevic v. Midland-Ross Corp.*, 62 Ohio St.2d 116, 119-120, 403 N.E.2d 986 (1980) ("The law does not, however, permit a claimant to disregard with impunity his statutory obligation to timely prosecute his [workers' compensation] claim. Were this court to hold that a claimant may file an untimely complaint in a [workers' compensation] appeal without first obtaining leave of court, the 30-day statutory time limit would be rendered meaningless. Having failed to comply with the statute, it becomes the claimant's burden to show that his failure is due to excusable neglect or other good cause."); *Sazima v. Chalko*, 86 Ohio St.3d 151, 156-157, 712 N.E.2d 729 (1999) (finding that a defendant's motion requesting dismissal under Civ.R. 41(B)(1) constituted implied notice to the plaintiff that the case was subject to being dismissed and

satisfied the notice requirement in the rule).[3] Under these circumstances, we find no error in the trial court's dismissal pursuant to Civ.R. 41(B)(1).

{¶ 12}   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and CELEBREZZE, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Bobbie Wright
Douglas S. Jenks
Gary W. Auman
Christopher Hogan
Hon. Gregory F. Singer

---

[3]Although Civ.R. 41(B)(1) contemplates notice to plaintiff's counsel, such notice may be given to a plaintiff who is appearing pro se. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).