O’Connor, C.J.,
dissenting.
{¶ 25} I agree with the majority that by its plain terms, R.C. 2711.13 requires that notice of a motion to vacate, modify, or correct an award be “served upon the adverse party or his attorney within three months after the award is delivered.” Further, I agree that pursuant to Civ.R. 5(B)(2)(c), service is accomplished at the time a document is mailed via U.S. mail to the last known address of the party or the party’s attorney. However, I disagree with the majority’s conclusion that appellee, Georgia Cox, timely served her notice of a motion to vacate, modify, or *306 correct an arbitration award, and therefore, I dissent from its judgment affirming the judgment of the Second District Court of Appeals.
{¶ 26} R.C. 2711.13 states that “[n]otice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party * * * within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action.” As the majority recognizes, majority opinion at ¶ 15, Civ.R. 5(B) sets forth the requirements for service of notice of a motion in an action and, accordingly, the requirements for serving notice of a motion to vacate, modify, or correct an arbitration award.
{¶ 27} Together, R.C. 2711.13 and Civ.R. 5(B) create four requirements for serving notice of a motion. First, notice must be served within three months after the award is delivered to the parties in interest. R.C. 2711.13. Second, notice must be served on an attorney if the party is represented, unless otherwise ordered by a court. Civ.R. 5(B)(1). Third, notice must be served in one of seven ways:
1. Handing it to the person;
2. Leaving it at the person’s office in the prescribed manner;
3. Leaving it at the person’s residence in the prescribed manner;
4. Mailing it to the person’s last known address via U.S. mail;
5. Delivering it to a commercial carrier for delivery to the person’s last known address;
6. Leaving it with the clerk of courts if the person has no known address; or
7. Sending it by e-mail or fax to the appropriate address or number.
Civ.R. 5(B)(2). Civ.R. 5(B)(2) also describes when service is complete for certain of these methods, including explaining that when “mailing it to the person’s last known address by United States mail, * * * service is complete upon mailing.” Civ.R. 5(B)(2)(c). And fourth, the notice “shall be accompanied by a completed proof of service which shall state the date and manner of service.” Civ.R. 5(B)(4).
{¶ 28} Cox’s notice failed to meet the first and fourth requirements.
{¶ 29} Cox failed to meet the first requirement because she did not mail a copy of the motion to appellant, Dayton Public Schools Board of Education (“BOE”), until March 11, 2014, a day after the three-month deadline expired.
{¶ 30} For purposes of analysis, the majority accepts as true the BOE’s assertion that the arbitrator delivered the award to the parties in interest on December 10, 2013. Majority opinion at ¶ 8. I will do the same. This court has *307 held that R.C. 2711.13 contains a three-month statute of limitations, following delivery of an arbitration award, during which a party may file a motion to vacate, modify, or correct the award. Galion v. Am. Fedn. of State, Cty. & Mun. Emps., Ohio Council 8, AFL-CIO, Local 2243, 71 Ohio St.3d 620, 622, 646 N.E.2d 813 (1995). During this same three-month period, the filing party must serve notice of the motion upon the adverse party. R.C. 2711.13.
{¶ 31} The majority relies on Civ.R. 6(A) and R.C. 1.14 to establish that the three-month time limit begins to run on the day after delivery of the award and thus that the limitations period expired on March 11, 2014.. To reach this conclusion, the majority ignores ample law that a statute of limitations expires on the anniversary date of the antecedent action — in this case, the delivery of the arbitration award. Schon v. Natl. Tea Co., 19 Ohio App.2d 222, 224, 250 N.E.2d 890 (7th Dist.1969); accord Mokrytzky v. Super Sys., Inc., 8th Dist. Cuyahoga No. 87929, 2007-Ohio-404, 2007 WL 274421, ¶ 10; Thomas v. Galinsky, 11th Dist. Geauga No. 2003-G-2537, 2004-Ohio-2789, 2004 WL 1192129, ¶ 15-16; Babcock v. S.E. Johnson. Co., 6th Dist. Wood No. 91WD118, 1992 WL 163900, *1 (July 17, 1992); In re Estate of Fisher, 12 Ohio App.3d 150, 152, 467 N.E.2d 898 (12th Dist.1983);[3] see also Copeland v. Bur. of Workers’ Comp., 192 Ohio App.3d 586, 2011-Ohio-813, 949 N.E.2d 1046, ¶ 13 (5th Dist.); Tomasik v. Tomasik, 9th Dist. Summit No. 21980, 2004-Ohio-5558, 2004 WL 2348170, ¶ 2-3. The majority offers no explanation for its departure from the well-accepted anniversary rule for statutes of limitation and in support of its own calculation, cites cases that are inapposite because they involve laws with time limits provided in days, not months or years. When the settled anniversary rule is used to calculate time, it becomes clear that Cox was required to serve notice of her motion on the BOE by March 10, 2014, the three-month anniversary of delivery. Instead, she served the notice on March 11. For this reason alone, Cox failed to meet R.C. 2711.13’s deadline and the trial court was correct to dismiss her motion.
{¶ 32} Regarding the fourth requirement for service of notice of a motion, no certificate of service accompanied the notice served on the BOE. Neither the notice served on March 10 by the clerk’s office (which the majority appears to suggest satisfied the service requirement, majority opinion at ¶ 18) nor the notice Cox untimely mailed to the BOE was accompanied by a certificate of service as required by Civ.R. 5(B)(4).
*308 Georgia B. Cox, pro se.
Bricker & Eckler, L.L.P., and Beverly A. Meyer, for appellant.
{¶ 33} By arguing that Cox could have corrected her error had the BOE timely objected, the majority raises a red herring. Civ.R. 5(B)(4) does not simply provide that the court will not consider a document until a proper proof of service is included or separately filed. The rule also states that the served document “shall be accompanied by a completed proof of service.” (Emphasis added.) Civ.R. 5(B)(4). This court has found that the word “shall” is usually interpreted to make the provision in which it is contained mandatory, Cincinnati Bar Assn. v. Adjustment Serv. Corp., 89 Ohio St.3d 385, 389, 732 N.E.2d 362 (2000), and any other interpretation in this instance violates a rule that is often stated by this court that plain and unambiguous language must be applied as written, Erwin v. Bryan, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 22, citing State ex rel. Potts v. Comm. on Continuing Legal Edn., 93 Ohio St.3d 452, 456, 755 N.E.2d 886 (2001).
{¶ 34} There is no authority to support a reading of the rule that permits tolling of the time for service until a proper proof of service is filed. The statute of limitations had well expired by the time either the common pleas court or the BOE was aware that the notice had no proof of service. Accordingly, by the time either the court or the BOE could have alerted Cox to the deficiency and asked her to correct it, if they even had a duty to do so, her time to serve a notice accompanied by a certificate of service had elapsed.
{¶ 35} The majority seems to exercise leniency because Cox filed her motion pro se. But on numerous occasions, we have made clear that “ “pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.” ’ ” In re Application of Black Fork Wind Energy, L.L.C., 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22, quoting State ex rel. Fuller v. Mengel, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting Sabouri v. Ohio Dept. of Job & Family Servs., 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). Accord Zukowski v. Brunner, 125 Ohio St.3d 53, 2010-Ohio-1652, 925 N.E.2d 987, ¶ 8; State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1. The General Assembly established clear rules, and we should enforce them consistently and fairly as to all litigants.
{¶ 36} Accordingly, I dissent.
O’Donnell and Lanzinger, JJ., concur in the foregoing opinion.
*309 Doll, Jansen & Ford and Susan D. Jansen, urging reversal for amicus curiae, Ohio Education Association.

. Many of these cases involve statutes of limitations measured in year’s, but they are still relevant in this case. R.C. 1.44 defines a year to mean “twelve consecutive months.” R.C. 1.45 concerns time computation and states that “[i]f a 'number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun.” Accordingly, a year may be computed by counting 12 months from a particular day.