**FIA CARD SERVICES, N.A., Appellant,**

**v.**

**SALMON, Appellee.**

[Cite as *FIA Card Servs., N.A. v. Salmon,* 180 Ohio App.3d 548, 2009-Ohio-80.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–08–26.

Decided Jan. 12, 2009.

William M. McCann for appellant.

Mary D. Salmon, pro se.

SHAW, Presiding Judge.

{¶ 1} Plaintiff-appellant FIA Card Services, N.A. ("FIA") appeals from the May 23, 2008 journal entry of the Court of Common Pleas, Union County, Ohio,

dismissing FIA's case against defendant-appellee Mary Salmon for failure to prosecute.

{¶ 2} FIA filed a claim with the National Arbitration Forum pursuant to a written agreement between FIA and Salmon that provided that all claims between the parties were to be submitted to binding arbitration. On February 27, 2007, an arbitrator issued an award in favor of FIA in the amount of $40,033.36. Salmon failed to pay FIA the amount due pursuant to the arbitration award. On February 7, 2008, FIA filed a motion and application to confirm and enforce the arbitration award pursuant to R.C. 2711.09 in the Union County Court of Common Pleas. On March 6, 2008, Salmon filed an answer and affirmative defenses, and on March 17, 2008, FIA filed a motion to strike Salmon's answer objecting to the arbitration award.

{¶ 3} On April 9, 2008, the trial court issued a hearing notice setting this matter for a bench trial on May 9, 2008. On April 18, 2008, FIA filed a motion to convert the bench trial set for May 9, 2008, to a hearing on its motion and application to confirm and enforce the arbitration award. On April 23, 2008, the trial court issued a hearing notice rescheduling the May 9, 2008 hearing to May 29, 2008. On May 1, 2008, Salmon filed a request to change the hearing date, and on this same date the trial court issued a hearing notice, rescheduling the hearing to May 22, 2008.

{¶ 4} The parties appeared for an evidentiary bench trial on May 22, 2008, and on May 23, 2008, the trial court issued a journal entry dismissing FIA's case for failure to properly prosecute.

{¶ 5} FIA now appeals, asserting one assignment of error.

## ASSIGNMENT OF ERROR

The trial court committed prejudicial error and abused its discretion in dismissing appellant's motion to confirm and enforce arbitration award in contravention of the provisions of Civil Rule 41(B)(1).

{¶ 6} In its sole assignment of error, FIA alleges that the trial court erred and abused its discretion by dismissing FIA's case for failure to prosecute pursuant to Civ.R. 41(B)(1).

{¶ 7} Prior to reviewing the merits of FIA's assignment of error, we first note that an appellee's brief has not been filed in this case. Pursuant to Ohio App.R. 18(C), if an appellee fails to timely file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." See also *In re Estate of Vann,* 3rd Dist. No. 10–05–12, 2005–Ohio–5040, 2005 WL 2335058.

{¶ 8} Civ.R. 41(B)(1) governs involuntary dismissals for failure to prosecute. Specifically, Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 9} Generally, dismissal with prejudice is an extremely harsh sanction and contrary to the fundamental preference for deciding cases on their merits. *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530. Accordingly, a court should not order a dismissal with prejudice unless the plaintiff's conduct is so "negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds" for such a dismissal. *Dray v. Gen. Motors Corp.*, 3rd Dist. No. 1–05–35, 2006–Ohio–347, 2006 WL 213846, ¶ 22, citing *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936; *Willis v. RCA Corp.* (1983), 12 Ohio App.3d 1, 2, 12 OBR 57, 465 N.E.2d 924.

{¶ 10} However, it is within the sound discretion of the trial court to dismiss an action for lack of prosecution. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 437 N.E.2d 1199. An appellate court is confined solely to whether the trial court abused that discretion. Id. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶ 11} Our review of the record reveals that FIA's pleadings filed in the trial court were signed by attorney William McCann of the law firm Javitch, Block & Rathbone, L.L.P. At the May 22, 2008 hearing, attorney Matthew Warner, also of Javitch, Block & Rathbone, L.L.P., appeared in court on behalf of FIA, and the following exchange occurred:

The Court: This is case number 08–CV–0075, FIA Card Services, plaintiff, versus Mary D. Salmon, defendant. This is hearing (sic) on the arbitration award. Proceed.

Mr. Warner: Your Honor, Matthew Warner appearing on behalf of the plaintiff. My Supreme Court number is 0074607. Your Honor, today we wish to argue the motion—

The Court: Wait a minute. Have you entered an appearance in this case?

Mr. Warner: I have not. No your Honor. I'm from—

The Court: I didn't think so.

Mr. Warner: I'm from—

The Court: Where's Mr. McCann?

Mr. Warner: He's from our Cleveland office, sir. I am from the Columbus Office.

The Court: You haven't entered an appearance.

Mr. Warner: I'm making my appearance now orally on the record, your Honor, with all due respect.

The Court: That isn't the way that's done. And you know it and I do too. And Mr. McCann knows it too. There you are.

* * *

Mr. Warner: I would ask, your Honor, that we proceed today.

The Court: Not with you I'm not going to. You haven't filed anything, you know. And I—that isn't the way that thing works. You know it and I know it. So if you—that's the first thing. And if—and if plaintiff doesn't—if they haven't made arrangements to put on the evidence on the whole works and have somebody here who happens to be Mr. McCann, William McCann, I'm done for the day.

Mr. Warner: Well, your Honor, for the record I would like to at least argue our motion.

The Court: Well, no. I'm not going to let you argue your motion. You haven't entered an appearance. I'm not going to let you do that. That's not right.

Mr. Warner: Your Honor, I could—

The Court: Mr. McCann is the one who should be here. Either that or has to be some sort of a substitution or some sort of an entry of appearance.

Mr. Warner: Well, I am from the same law firm as him, your Honor.

The Court: I don't know that. Don't see it on the record. Not here.

Mr. Warner: I can give you one of my business cards.

The Court: I don't want your business card. So we're done, aren't we?

Mr. Warner: Well, your Honor, I'd ask for a reasonable continuance then of the matter.

The Court: Well, you haven't even entered an appearance. How can you ask for a continuance?

* * *

The Court: Okay. We're done. I mean, I'll tell you that right now. We're done. Anything further?

* * *

Mr. Warner: If I may ask a question, your Honor.

The Court: Sure.

Mr. Warner: When you mean we're done, can—with all due respect, can you please—

The Court: Means that I'm going to put an entry on saying that it's dismissed for want of prosecution. That's exactly what I'm going to do. Does that answer the question you were going to ask?

██ ██ {¶ 12} We note that although Civ.R. 41(B)(1) permits a trial court to dismiss an action for failure to prosecute, a condition precedent to dismissal of an action for failure to prosecute is notice to the plaintiff or plaintiff's counsel of the court's intention to dismiss. *Dray*, 2006–Ohio–347, 2006 WL 213846, at ¶ 21, citing Civ.R. 41(B)(1). Notice is an absolute prerequisite for dismissal for failure to prosecute. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 2–3, 7 OBR 256, 454 N.E.2d 951. The Supreme Court of Ohio has also held that any dismissal with prejudice is proper only when "counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Hillabrand v. Drypers Corp.* (2000), 87 Ohio St.3d 517, 518, 721 N.E.2d 1029, citing *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 684 N.E.2d 319, syllabus.

{¶ 13} We note that other Ohio appellate districts have previously addressed the similar issue of representation by different attorneys in the same firm. In *Minnesota v. Karp* (1948), 84 Ohio App. 51, 53, 39 O.O. 96, 84 N.E.2d 76, the First District held that "there is a presumption that a regularly admitted attorney has authority to represent the client for whom he appears." In *Garcia v. Coler* (June 11, 1987), 2nd Dist. No. 86–CA–36, 1987 WL 12647, the Second District concluded that "the use of different attorneys from the same law firm did not result in any discernable prejudice to the appellees." Finally, in *Freeman v. Freeman*, 10th Dist. No. 03AP–85, 2003–Ohio–4959, 2003 WL 22149517, the Tenth District found that "it is not uncommon for an associate of a firm to appear as substitute counsel on behalf of a partner when that partner is unable to make the court appearance."

{¶ 14} Our review of the record reveals that at the hearing on May 22, 2008, attorney Warner advised the trial court that he was admitted to the Ohio bar and licensed to practice before the courts in the state of Ohio. Additionally, attorney Warner is employed by Javitch, Block & Rathbone, L.L.P., which is the same firm that employs attorney McCann, whose name appears on the pleadings in this case on behalf of FIA. Furthermore, we note that the appearance of attorney Warner as substitute counsel for attorney McCann was in no way prejudicial to the appellee in this case.

{¶ 15} Based on the foregoing, as the appearance of attorney Warner as substitute counsel was in no way prejudicial to the appellee, we find that the trial court abused its discretion by dismissing FIA's case for failure to prosecute

pursuant to Civ.R. 41(B)(1). Accordingly, FIA's sole assignment of error is sustained.

{¶ 16} Therefore, the May 23, 2008 journal entry of the Union County Court of Common Pleas dismissing FIA's case for failure to prosecute is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WILLAMOWSKI and ROGERS, JJ., concur.