**[Cite as *In re R.G.H.*, 2020-Ohio-4403.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE: R.G.H., N.H., and M.Y.G.H.  :
             :
             :  Appellate Case No. 28628
             :
             :  Trial Court Case Nos. 2019-0729,
             :  2019-0730, and 2019-0731
             :
             :  (Appeal from Common Pleas Court-
             :  Juvenile Division)
             :

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of September, 2020.

. . . . . . . . . . .

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio
45409
   Attorney for Appellant Father

SARVANI NICOLOSI, Atty. Reg. No. 0085621 and CARA J. WILLIAMS, Atty. Reg. No.
0085921, 130 West Second Street, Suite 700W, Dayton, Ohio 45402
   Attorney for Appellee Mother

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Father appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which vacated its previous judgment granting custody of Mother and Father's three children to Father, on the basis that Mother had not been provided notice of the custody hearing. The juvenile court erred when it vacated its judgment granting custody of the parties' minor children to Father. The juvenile court's judgment vacating the prior order will be reversed, and the matter will be remanded.

### Facts and Procedural History

{¶ 2} Father and Mother are the parents of three minor children. Father, Mother, and the children lived together in Montgomery County for a number of years, most recently on East Drive in Centerville. In late 2018, Mother and the children moved from the East Drive home to a new Montgomery County address. Due to significant relational strife, Mother did not inform Father of her new address. Then in mid-December 2018, Mother and the children moved to Yonkers, New York. Mother did not inform Father of the move to New York or otherwise provide him with contact information.

{¶ 3} On February 7, 2019, Father filed a petition seeking an allocation of parenting time. The petition was scheduled for a hearing on April 22, but service upon Mother was not accomplished. On April 18, Father filed a motion to continue the April 22 hearing and an amended motion for custody. The motion sought an order designating Father as the residential parent and legal custodian of the children. Evidently based upon information obtained from a retained investigator, Father filed an instruction for service form indicating that personal service upon Mother was to be accomplished by personal service at a specified address on Warburton Avenue in Yonkers, New York. At Father's request, the juvenile court appointed a New York legal support company and its agents

as a special process server. The record reflects that on April 20, 2019, personal service of the custody motion was obtained upon Mother at an address on St. Nicholas Avenue, New York, New York. The record further reflects that among the documents served upon Mother was a summons and notice of hearing reflecting that the custody motion was scheduled for a trial on May 14, 2019.

{¶ 4} The trial did not occur on May 14. Instead, a magistrate's interim order was filed, which reset the custody trial date for July 30. The interim order also indicated that on May 14, Father was present with counsel and Mother was not present, but that Mother had "been served due legal notice of [the] proceeding." The interim order was mailed to Mother at the East Drive address.

{¶ 5} The trial occurred on July 30; Father and his counsel were present, but Mother did not appear. On October 4, the magistrate filed a decision which ordered that Father be granted "legal custody" of the children. On the same document, the judge adopted the magistrate's decision as an order of the court.

{¶ 6} On November 6, 2019, Mother, through counsel, filed a motion styled as a motion for an emergency stay of the magistrate's decision and a motion for extension of time to file a motion to set aside the magistrate's decision. The motion asserted that Mother did not "receive * * * notice of any Ohio actions" and requested a stay of the custody judgment and a 30-day extension to file a motion to set aside the magistrate's decision and the court's Order adopting it. After Father filed a response, the juvenile court issued an order on November 22 vacating the October 4 magistrate's decision and judge's order. The rationale was that the magistrate's May 14 interim order, which scheduled the July 30 hearing date, had been mailed to Mother at the East Drive address

and, as a result, Mother "had no notice of the trial set to determine custody of the children." Father appealed.

{¶ 7} Mother asserts that Father's appeal is moot based upon events which occurred after the November 22 order on appeal. These events, which are not disputed by Father, include the juvenile court's conferring with a New York court concerning which court should exercise jurisdiction over the custody dispute (a discussion in which the parents participated), the juvenile court's concluding that the New York court should exercise jurisdiction, and the New York court's awarding custody of the children to Mother following a hearing in which both parties participated.

### Mootness

{¶ 8} The "role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *State ex rel. City of Englewood v. Red Carpet Inn*, 2d Dist. Montgomery No. 27590, 2018-Ohio-1224, ¶ 6, quoting *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9. Actions are moot " 'when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * "A moot case is one which seeks to get a judgment on a pretend controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." ' " *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11 (10th Dist.).

(Other citations omitted.)

{¶ 9} Mother argues that the question of whether the juvenile court's custody order was appropriately vacated is moot because the New York court, with the juvenile court's consent, assumed jurisdiction of the custody dispute and decided the issue in Mother's favor. In other words, Mother asserts that, if the vacation order is reversed, the reversal will have no practical effect upon the custody issue due to the New York order. The juvenile court's acquiescence to the New York court's exercise of jurisdiction and the subsequent custody decision occurred because of the vacation order. However, even if we were to assume that the vacation order was incorrectly decided,[1] we would be unwilling to conclude that the New York custody order made the juvenile court's incorrectly-decided vacation order moot. If the juvenile court's custody judgment is reinstated, there will be competing custody judgments, but such a legal dilemma does not make Father's appeal moot.

### Vacation Order

{¶ 10} Turning to the vacation order, the juvenile court's decision to vacate its custody decision was premised upon its conclusion that, because the May 14 interim order, which included notice of the July 30 trial date, was mailed to the East Drive address, Mother's due process right to notice of the trial date was violated. The case law does not support this conclusion.

{¶ 11} Assuming proper service of process, a trial court in a civil action is not

---

[1] As discussed below, Mother's motion asserted she was not served with the custody motion. This issue is subject to resolution upon remand.

required by Civ.R. 5(B)[2] or any other rule or statute to serve a party with notice of a trial or hearing date. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 124, 502 N.E.2d 599 (1986); *Stewart v. Strader*, 2d Dist. Clark No. 2008-CA-116, 2009-Ohio-6598, ¶ 17. This said, due process does require that a party receive reasonable notice of a trial or hearing date, and "an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." *Ohio Valley Radiology Assocs.* at 124. This conclusion is based upon the premise that, once served, a party is "expected to keep [herself] informed of the progress of [the] case * * *." *Stewart* at ¶ 20, quoting *Pearl v. J&W Roofing and Gen. Contracting*, 2d Dist. Montgomery No. 16045, 1997 WL 86415, *1. (Citation omitted.)

{¶ 12} The juvenile court's dockets[3] reflect that, in each case number, the May 14 interim order was filed and entered upon the docket. As already noted, the interim order set forth the July 30 trial date. Thus, assuming Mother was personally served with the custody motion, she had at least constructive notice of the trial date. Since such constructive notice is sufficient to satisfy due process, the juvenile court erred when it concluded that Mother had not been provided notice of the hearing date and that this failure required vacating the custody judgment.

{¶ 13} This conclusion requires reversal of the juvenile court's vacation order. But it does not end the discussion, because Mother's motion, which only requested leave to file a motion to vacate the custody judgment, asserts that she was not served with the

---

[2] After service of process is accomplished, Juv.R. 20 states that service "shall be made in the manner provided by Civ.R. 5(B)."

[3] There is a separate case number and docket for each minor child.

custody motion. Of course, "[w]here service of process is not made in accordance with the Rules of Civil Procedure,[4] the trial court lacks jurisdiction to consider the [action], and any judgment [obtained] is void ab initio." *Portfolio Recovery Assocs., LLC v. Thacker*, 2d Dist. Clark No. 2008-CA-119, 2009-Ohio-4406, ¶ 22, citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 665 N.E.2d 59 (10th Dist.1995). Where, as here, the record reflects that service was accomplished in compliance with the Civil Rules (in this case, Civ.R. 4.1(B)), service is presumed proper unless rebutted "with sufficient evidence of non-service." *Portfolio Recovery* at ¶ 20, quoting *Carter-Jones Lumber Co. v. Myers*, 2d Dist. Clark No. 2005-CA-97, 2006-Ohio-5380, ¶ 11. When a party submits affidavit testimony asserting a failure of service, the court must hold a hearing to determine whether the "presumption of service [can be] satisfactorily rebutted." *Id.* at ¶ 31. (Citations omitted.) Upon remand, assuming Mother asserts a failure of service supported with affidavit testimony, the juvenile court must conduct a hearing to determine whether Mother is able to rebut the presumption of proper service.

## Conclusion

{¶ 14} For the stated reasons, the vacation of the order granting custody of the parties' minor children to Father will be reversed, and this cause will be remanded to the trial court for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

---

[4] Juv.R. 16 states that the "summons shall be served as provided in Civil Rules 4(A), (C), and (D), 4.1, 4.2, 4.3, 4.5, and 4.6."

Copies sent to:

Gary C. Schaengold
Sarvani Nicolosi
Cara J. Williams
Hon. Anthony Capizzi