[Cite as *AIM 360, L.L.C. v. Hemleben*, 2021-Ohio-2169.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

AIM 360, LLC,

    PLAINTIFF-APPELLEE,

                             CASE NO.  2-20-19

    v.

THEODORE M. HEMLEBEN ET AL.,

    DEFENDANTS-APPELLEES,
    -and-                           O P I N I O N

ISAAC DUNIFON,

    DEFENDANT-APPELLANT.

---

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2019 CV 0103**

**Judgment Affirmed in Part, Reversed in Part, and Cause Remanded**

**Date of Decision:   June 28, 2021**

---

APPEARANCES:

    *Nathan Pangrace* for Appellant

    *Norman A. Abood and Hassanayn Joseph* for Appellee,
        AIM 360, LLC

**MILLER, J.**

{¶1} Appellant, Isaac Dunifon, appeals the September 9, 2020 judgment of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

## I. Facts and Procedural History

{¶2} In 2018, Dunifon and his wife were in the process of building a dance studio on land located at 15115 State Route 67, Wapakoneta, Ohio. The land was owned by appellees, Theodore M. Hemleben and Dawn A. Hemleben, who are Dunifon's in-laws. Dunifon entered into a contract with appellee, AIM 360, LLC ("AIM 360"), whereby AIM 360 was hired to perform work relating to the technology and cabling components of the construction project. At the time, Dunifon was a member of AIM 360. AIM 360 worked on the project until approximately June 25, 2018, at which time Dunifon ended his association with AIM 360 and AIM 360 ceased working on the project. On or about August 2, 2018, AIM 360 submitted an invoice for $34,271.50 to Dunifon. The invoice was also submitted to the Hemlebens' bank, which was financing the project. Neither Dunifon nor the bank paid the invoice. AIM 360 subsequently filed a mechanic's lien on the Hemlebens' property at 15115 State Route 67.

{¶3} On September 30, 2019, AIM 360 filed a complaint against Dunifon and the Hemlebens. In its complaint, AIM 360 asserted five causes of action,

including claims for breach of contract and fraud. In the caption of its complaint, AIM 360 listed Dunifon's address as 15115 State Route 67. Dunifon's wife, who happened to be present at that address, accepted service of AIM 360's complaint on October 2, 2019. On the return receipt, Dunifon's wife specified 15970 Sidney Street, Wapakoneta, Ohio, as the address at which Dunifon could be served in the future. Dunifon's updated address was noted on the trial court's docket on October 7, 2019.

{¶4} On October 18, 2019, the Hemlebens filed their answer to AIM 360's complaint. In addition, the Hemlebens filed a counterclaim against AIM 360 for slander of title as well as a cross-claim against Dunifon. On October 29, 2019, AIM 360 filed its answer to the Hemlebens' counterclaim.

{¶5} On November 14, 2019, Dunifon, through counsel, filed his answer to AIM 360's complaint and the Hemlebens' cross-claim. In addition, Dunifon asserted his own cross-claim against the Hemlebens for indemnification. That same day, the Hemlebens filed their answer to Dunifon's cross-claim.

{¶6} On January 21, 2020, AIM 360 and the Hemlebens filed a joint notice of voluntary partial dismissal, under which AIM 360 voluntarily dismissed its claims against the Hemlebens without prejudice and the Hemlebens voluntarily dismissed their counterclaim against AIM 360 without prejudice. The notice

specified that AIM 360's claims against Dunifon and the competing cross-claims filed by Dunifon and the Hemlebens remained pending.

{¶7} On February 6, 2020, Dunifon's counsel filed a motion to withdraw. The proof of service indicated a copy of the motion to withdraw had been sent by regular first class mail to Dunifon at yet another address, 15194 State Route 67, Wapakoneta, Ohio. That same day, the trial court granted Dunifon's counsel's motion to withdraw. In addition, the trial court granted Dunifon 21 days to "retain new counsel and notify the Court of the same." However, in a different entry filed on February 6, 2020, the court ordered Dunifon to "report to the Court who his Attorney will be within two weeks of the date of this entry." Copies of the trial court's orders were sent to Dunifon at 15115 State Route 67, however, the mailing was eventually returned to the trial court as undeliverable, which was noted on the docket on March 3, 2020. Ultimately, Dunifon did not inform the trial court whether he had retained substitute counsel. Dunifon acted pro se for the remainder of the trial court proceedings.

{¶8} A pretrial conference was then scheduled for the afternoon of Friday, March 6, 2020, at which all parties were required to be present. The scheduling entry indicated that copies of the entry had been sent to Dunifon at 15115 State Route 67 and at 15970 Sidney Street.

-4-

**{¶9}** Dunifon failed to appear for the March 6, 2020 pretrial conference. Shortly after the pretrial conference concluded, the trial court issued a show-cause order requiring Dunifon to appear before the court on Monday, March 9, 2020, to show cause why he should not be held in contempt for failing to appear at the pretrial conference, among other things.  The order directed the clerk to cause a copy of the order to be served by the Auglaize County Sheriff's Office upon Dunifon personally at 15970 Sidney Street or "his business address at Concrete Protectors, Wapakoneta, Ohio, 45895."  The sheriff was unable to effectuate service on Dunifon prior to the hearing date.

**{¶10}** On March 13, 2020, the trial court issued a second show-cause order setting a hearing for April 6, 2020.  The trial court's second show-cause order was identical to its March 6, 2020 show-cause order, except that the trial court directed the clerk to cause a copy of the order to be served on Dunifon both personally and by regular mail at three addresses:  15970 Sidney Street, 15115 State Route 67, and the Concrete Protectors address, which was listed on the trial court's docket as 1101 Lincoln Highway, Wapakoneta, Ohio.  Although the sheriff was successful in serving Dunifon with a copy of the second show-cause order, the copy that was mailed to Dunifon at 15115 State Route 67 was returned to the trial court as undeliverable, which was noted on the trial court's docket on March 23, 2020.

{¶11} On April 8, 2020, AIM 360 filed a "status report," which indicated that Dunifon had appeared before the trial court on April 6, 2020, pursuant to the second show-cause order. The report further indicated that Dunifon had called AIM 360's attorney to discuss whether AIM 360 would consider dismissing its claims, but that Dunifon had terminated the call before talking to AIM 360's attorney. In the report, AIM 360's attorney stated he had authority to dismiss AIM 360's claims against Dunifon if Dunifon agreed that those claims would be added to a separate arbitration proceeding then pending between Dunifon and the other members of AIM 360. AIM 360 stated it sent a copy of the status report to Dunifon's "last known address," which it listed as 15194 State Route 67.

{¶12} On July 20, 2020, the trial court set a trial date for September 8, 2020, at 8:30 a.m., and it entered the date and time of the trial on its docket. The trial court indicated it sent copies of the notice of trial to Dunifon at 15970 Sidney Street and 15115 State Route 67. The trial court also indicated it sent the notice to Dunifon at an alternative address for Concrete Protectors, 10 West Auglaize Street, Wapakoneta, Ohio.

{¶13} On July 29, 2020, the Hemlebens filed a notice of voluntary dismissal of their cross-claim against Dunifon. The Hemlebens indicated that they sent copies of the notice of voluntary dismissal to Dunifon at 15970 Sidney Street, 15115 State Route 67, and 10 West Auglaize Street.

{¶14} On September 8, 2020, the case proceeded to trial on Dunifon's cross-claim against the Hemlebens and AIM 360's claims against Dunifon. The trial court opened the trial by stating, "It is now 8:43, pushing 8:45, depending on which clock[.] Mr. Dunifon has not appeared. * * * Mr. Dunifon was sent a copy of this at both his Route 67 address, his Sidney Street address, and his Concrete Protectors address, all of which came back not deliverable, unable to forward." (Sept. 8, 2020 Tr. at 4). The trial court then asked AIM 360 whether it wanted to put anything on the record regarding Dunifon's notice of the trial. In response, AIM 360 submitted a copy of a letter it sent on August 7, 2020, to an email address apparently belonging to Dunifon. The letter stated that a copy of the July 20, 2020 notice of trial was enclosed with the letter. AIM 360 also presented a "delivery receipt showing delivery to these recipients is complete." (Sept. 8, 2020 Tr. at 5). In addition, the Hemlebens' counsel stated he sent an email on July 25, 2020, to the same email address used by AIM 360 and that the email "did not bounce back." (Sept. 8, 2020 Tr. at 7). AIM 360 indicated Dunifon did not respond to the August 7, 2020 email.

{¶15} Finding that Dunifon had received sufficient notice of the trial, the court proceeded to receive evidence on AIM 360's claims in Dunifon's absence. After AIM 360 finished presenting evidence on its claims against Dunifon, the Hemlebens requested that Dunifon's cross-claim be dismissed. The trial court granted the Hemlebens' request and dismissed Dunifon's cross-claim with

prejudice. In addition, the trial court granted judgment in favor of AIM 360 for $34,271.50, plus interest, on its claims against Dunifon.[1] The trial court filed its judgment entry on September 9, 2020.

{¶16} On October 8, 2020, Dunifon timely filed a notice of appeal.[2] He raises two assignments of error for our review.

## II. Assignments of Error

**1. The lower court's ex parte trial violated Appellant Isaac Dunifon's right to due process.**

**2. The trial court abused its discretion when it dismissed Appellant Isaac Dunifon's claims with prejudice and entered judgment against him as a sanction for his nonappearance at trial.**

## III. Discussion

**A. First Assignment of Error: Did the trial court violate Dunifon's right to due process by conducting the ex parte trial?**

{¶17} In his first assignment of error, Dunifon argues he was deprived of his right to due process when, without sufficient notice, the trial court elected to conduct the trial on AIM 360's claims in his absence. Dunifon notes that from the inception of this case, AIM 360 and the trial court repeatedly served him at incorrect addresses. While Dunifon admits on appeal that he received the notice of trial at his

---

[1] In its September 9, 2020 judgment entry, the trial court observed that Dunifon had a counterclaim pending against AIM 360, and it ordered that Dunifon's counterclaim against AIM 360 be dismissed with prejudice. However, after reviewing the record, it appears the trial court was mistaken both in its observation and in its order because Dunifon never filed a counterclaim against AIM 360.

[2] We note that the Hemlebens failed to file an appellate brief in this matter.

correct address, he maintains the notice was nevertheless insufficient for a variety of reasons, including that it did not set deadlines for filing exhibits or motions, that it did not specify the location of the trial, that its language was confusing, and that it did not inform him his "failure to appear will result in judgment against him." Dunifon contends that in light of these flaws, the trial court's July 20, 2020 notice of trial "did not give him sufficient notice and opportunity to present his case."

**i. Standard of Review for Due-Process Claims**

{¶18} "Questions concerning procedural due process are matters of law to be determined de novo on appellate review." *Bd. of Health of Defiance Cty. v. McCalla*, 3d Dist. Defiance No. 4-12-07, 2012-Ohio-4107, ¶ 38. "De novo review encompasses an independent examination of the trial court's decision without deference to the underlying decision." *Gasper v. Bank of America, N.A.*, 9th Dist. Medina No. 17CA0091-M, 2019-Ohio-1150, ¶ 27.

**ii. Due Process Requires Reasonable Notice and an Opportunity to Be Heard**

{¶19} The Due Process Clause contained in the Fourteenth Amendment to the United States Constitution provides: "No State shall * * * deprive any person of life, liberty, or property, without due process of law * * *." The Due Course of Law Clause in Article I, Section 16 of the Ohio Constitution states: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice

administered without denial or delay." Thus, "[b]oth the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law * * *." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125 (1986).

{¶20} "'[D]ue process' has never been, and perhaps can never be, precisely defined." *Lassiter v. Dept. of Social Servs. of Durham Cty.*, 452 U.S. 18, 24, 101 S.Ct. 2153 (1981). "Due process is a flexible concept that varies depending on the importance attached to the interest at stake and the particular circumstances under which the deprivation may occur." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, ¶ 22, citing *Walters v. Natl. Assn. of Radiation Survivors*, 473 U.S. 305, 320, 105 S.Ct. 3180 (1985). While the demands of due process vary depending on the situation, "[t]he fundamental requirements of due process are notice and the opportunity to be heard at a meaningful time and in a meaningful manner." *Lemasters v. Lemasters*, 12th Dist. Madison No. CA2018-06-018, 2019-Ohio-4395, ¶ 35, citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893 (1976), citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187 (1965). To satisfy due process, notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Ohio Valley* at 124-125, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652 (1950).

### iii. Constructive Notice of Trial is Sufficient to Satisfy the Minimum Requirements of Due Process

{¶21} At issue in this case is whether Dunifon received notice of trial sufficient to allow the trial court to conduct the ex parte trial on AIM 360's claims against him. "The Supreme Court of Ohio has recognized that '[t]here is no Ohio statute or rule which specifically requires a court of the general division of common pleas to give notice of the setting down of a date for trial.'" *Yoder v. Thorpe*, 10th Dist. Franklin Nos. 07AP-225 and 07AP-302, 2007-Ohio-5866, ¶ 10, quoting *Ohio Valley* at 123. Nevertheless, "some form of notice of a trial date is required to satisfy due process * * *." *Ohio Valley* at 124.

{¶22} However, actual notice of trial is not required to satisfy due process in every case. "[W]here actual notice is not provided, constructive notice that comes from the court's setting down the trial date upon its docket may satisfy the dictates of due process." *Zashin, Rich, Sutula & Monastra Co., L.P.A. v. Offenberg*, 90 Ohio App.3d 436, 443 (8th Dist.1993); *see Ohio Valley*, 28 Ohio St.3d at 124 ("[A]n entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact."). Notice of this kind is permissible because "'parties are expected to keep themselves informed of the progress of a case once they are served with process.'" *Stewart v. Strader*, 2d Dist. Clark No. 2008 CA 116, 2009-Ohio-6598, ¶ 20, quoting *Pearl v. J & W Roofing & Gen. Contracting*, 2d Dist. Montgomery No. 16045, 1997 WL 86415, *1 (Feb. 28, 1997). Provided the defending party has

received constitutionally sufficient notice, "[t]he proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence." *Ohio Valley* at 122.

**iv. Because Dunifon had constructive notice of trial, the trial court did not err by conducting the ex parte trial.**

{¶23} As Dunifon correctly notes, the other parties to this case and the trial court repeatedly attempted to serve him at incorrect addresses throughout the proceedings below. This happened despite the fact that Dunifon's correct address was noted on the trial court's docket early in the proceedings. Notwithstanding these earlier mistakes, however, the record reflects that the July 20, 2020 notice of trial was sent to Dunifon at his correct address, 15970 Sidney Street, and at two additional addresses. There is nothing in the docket to show any of the notices were returned by the postal service. In addition, counsel for AIM 360 indicated he provided notice of the trial date to Dunifon. It is unclear why the trial court, prior to commencing the trial, stated that the notices sent to Dunifon at multiple addresses all "came back not deliverable, unable to forward." (Sept. 8, 2020 Tr. at 4). As a result of the conflicting information in the record before us, we proceed to analyze the assignment of error as if Dunifon did not receive actual notice of the trial.[3]

---

[3] Because we proceed as though Dunifon did not actually receive the July 20, 2020 notice of trial, we need not address Dunifon's arguments that the notice was "unreasonable" and insufficient to satisfy the requirements of due process because it was supposedly incomplete and misleading. Regardless, after reviewing the trial court's July 20, 2020 notice of trial, we believe the notice was sufficient to put a reasonably prudent person on notice of the trial court's intent to proceed to trial on September 8, 2020, and to convey all of the information a reasonably prudent person would need to appear at trial or, at least, make further inquiry

-12-

**{¶24}** Even if actual notice of the trial was not received by Dunifon or was somehow deficient, we conclude Dunifon had reasonable, constructive notice of the trial because the trial court entered the date and time of the trial on its docket on July 20, 2020—seven weeks before the date of trial. *See In re R.G.H.*, 2d Dist. Montgomery No. 28628, 2020-Ohio-4403, ¶ 11-12; *Davidson v. West*, 10th Dist. Franklin No. 18AP-268, 2019-Ohio-224, ¶ 14-15, 17; *Yoder*, 2007-Ohio-5866, at ¶ 16. "Because [Dunifon] had constructive notice of the trial date, he must rebut the presumption that constructive notice was sufficient to place him on notice of the pending trial date in order to demonstrate a due process violation." *Yoder* at ¶ 17, citing *Zashin* at 444, fn. 1. Dunifon has failed to rebut this presumption.

**{¶25}** In his appellate brief, Dunifon admits he received notice of the trial but then makes a number of claims in an effort to convince this court why the notice was not meaningful. For example, Dunifon claims he was "wholly unaware that the trial was proceeding and he was required to attend with witnesses and evidence" because he "mistakenly believed that the matter had resolved, and trial was not going forward because AIM 360 had agreed to a mutual dismissal and the Hemlebens dismissed their claims against him." However, as is true of many of the claims contained in Dunifon's appellate brief, these bare allegations find no

---

about the proceedings in his case. Stated differently, the July 20, 2020 notice of trial would, if received, serve to provide its recipient with actual, constitutionally sufficient notice of trial.

evidentiary support in the record. Although Dunifon urges us to accept his allegations as true, we cannot find anything in the Rules of Appellate Procedure, the Rules of Evidence, or in this court's inherent power that would allow us to do so. "Allegations contained in an appellate brief cannot be considered by this court, as they lack any evidentiary value whatsoever." *Zashin*, 90 Ohio App.3d at 444. Because we cannot accept Dunifon's unsupported allegations, we find Dunifon failed to show that constructive notice was insufficient to place him on notice of the trial date. *See Yoder* at ¶ 17.

{¶26} In sum, we conclude Dunifon, at a minimum, had constructive notice of the date of trial sufficient to satisfy the minimum requirements of due process. Because Dunifon had reasonable, constructive notice of trial sufficient to satisfy due process, the trial court did not violate Dunifon's right to due process by proceeding to trial on AIM 360's claims in his absence. *See Clelland v. Cartman*, 11th Dist. Lake No. 2009-L-024, 2009-Ohio-6514, ¶ 27-29; *Yoder* at ¶ 17.

{¶27} Dunifon's first assignment of error is overruled.

**B. Second Assignment of Error: Did the trial court abuse its discretion by dismissing Dunifon's cross-claim against the Hemlebens?**

{¶28} In his second assignment of error, Dunifon argues the trial court abused its discretion by dismissing his cross-claim against the Hemlebens with prejudice. Dunifon contends his failure to appear at trial was not the product of bad faith, willfulness, irresponsibility, or disrespect for the judicial process. He thus

maintains that the sanction of dismissal with prejudice was highly disproportionate to the seriousness of any infractions he may have committed. Dunifon also suggests he did not receive sufficient notice that his cross-claim would be dismissed with prejudice if he failed to appear at trial.

**i. Standard of Review for Dismissals under Civ.R. 41**

{¶29} "Civ.R. 41 governs the dismissal of actions, with Civ.R. 41(A) pertaining to voluntary dismissals, while Civ.R. 41(B) applies to involuntary dismissals." *Logsdon v. Nichols*, 72 Ohio St.3d 124, 126 (1995). Civ.R. 41 applies with equal force to the dismissal of cross-claims. Civ.R. 41(C). As relevant to this case, Civ.R. 41(B) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1). While not stated anywhere in the trial transcript or in the trial court's judgment entry, we regard the dismissal of Dunifon's cross-claim as a Civ.R. 41(B)(1) dismissal for failure to prosecute.

{¶30} "We review a trial court's decision to dismiss a case under Civ.R. 41(B)(1) for an abuse of discretion." *Bates v. Merchants Holding LLC*, 10th Dist. Franklin No. 17AP-622, 2018-Ohio-1699, ¶ 8. An abuse of discretion suggests the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). While the abuse-of-discretion standard

is ordinarily a forgiving standard, as the Supreme Court of Ohio has explained, the standard is "heightened" when reviewing a dismissal with prejudice under Civ.R. 41(B)(1):

> [T]he extremely harsh sanction of dismissal should be reserved for cases when [a party's] conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party. In other words, dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. It is a basic tenet of Ohio jurisprudence that cases should be decided on their merits. Thus, although reviewing courts espouse an ordinary abuse of discretion standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.

(Internal citations and quotations omitted.) *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999).

## ii. Notice is an Indispensable Requirement of a Civ.R. 41(B)(1) Dismissal

{¶31} As is clear from the plain language of Civ.R. 41(B)(1), "a condition precedent to dismissal of an action for failure to prosecute is notice to the plaintiff or plaintiff's counsel of the court's intention to dismiss." *FIA Card Servs., N.A. v. Salmon*, 180 Ohio App.3d 548, 2009-Ohio-80, ¶ 12 (3d Dist.). "The purpose of this notice requirement is to afford the plaintiff the opportunity to 'explain or correct [any] nonappearance' or to show why the case should not be dismissed." *Cook v.*

*Transamerica Ins. Servs.*, 70 Ohio App.3d 327, 330 (12th Dist.1990), quoting *Ford Motor Credit Co. v. Potts*, 28 Ohio App.3d 93, 95 (10th Dist.1986). "Notice is an absolute prerequisite for dismissal for failure to prosecute." *FIA Card Servs.* at ¶ 12, citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 2-3 (1983). "It constitutes an abuse of the trial court's discretion to dismiss an action for failure to prosecute where no notice is given to the plaintiff or plaintiff's counsel." *Walker v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 91648, 2009-Ohio-2261, ¶ 7, citing *Levy v. Morrissey*, 25 Ohio St.3d 367, 368 (1986).

{¶32} For purposes of Civ.R. 41(B)(1), if the plaintiff's counsel, or the plaintiff himself,[4] has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal, the plaintiff has notice of an impending dismissal with prejudice. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46 (1997), syllabus. However, while the notice required by Civ.R. 41(B)(1) must be formal in some sense, it need not be actual. *See Cecil & Geiser, L.L.P v. Plymale*, 196 Ohio App.3d 322, 2011-Ohio-5468, ¶ 24 (10th Dist.), citing *Sazima* at 155-156. Instead, the notice required by Civ.R. 41(B)(1) "'may be implied when reasonable under the circumstances.'" *Sazima* at 155, quoting *Quonset Hut* at 49.

---

[4] "Although Civ.R. 41(B)(1) contemplates notice to plaintiff's counsel, such notice may be given to a plaintiff who is appearing pro se." *Wright v. Miami Valley Hosp.*, 2d Dist. Montgomery No. 25542, 2013-Ohio-4233, ¶ 11, fn. 3, citing *Perotti* at 3.

"What constitutes notice and an opportunity to respond must be examined on a case-by-case basis." *Cecil & Geiser, L.L.P.* at ¶ 24.

**iii. The trial court abused its discretion by dismissing Dunifon's cross-claim because Dunifon did not receive the notice required by Civ.R. 41(B)(1).**

{¶33} After a thorough review of the record, we are unable to conclude Dunifon was ever notified of the trial court's intention to dismiss his cross-claim with prejudice. There is nothing in the record demonstrating that Dunifon had actual notice that his cross-claim would be dismissed if he failed to appear at trial. Nor does the record support that Dunifon had implied notice of the trial court's intention to dismiss his cross-claim with prejudice. While we have determined under Dunifon's first assignment of error that he at least had constructive notice of the trial date, precedent of the Supreme Court of Ohio and of this court indicate that something more than mere notice of a trial date is needed to constitute implied notice of dismissal where a plaintiff, or in this case a cross-claimant, fails to appear for trial.

{¶34} In *Logsdon v. Nichols*, the trial court scheduled a trial date and specifically noted that no further continuances would be allowed. 72 Ohio St.3d at 125. On the day of trial, counsel for the defendant appeared and was ready to proceed with trial, but neither the plaintiffs nor the plaintiffs' counsel appeared. *Id.* The following day, the trial court dismissed the plaintiffs' case with prejudice for failure to prosecute. *Id.* In reversing the trial court's decision to dismiss the

-18-

plaintiffs' case with prejudice, the Supreme Court of Ohio observed that "'[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *.'" *Id.* at 128, quoting McCormac, *Ohio Civil Rules Practice*, Section 13.07, at 356-357 (2d Ed.1992). The court found that "[t]he record disclose[d] no notice to plaintiffs' counsel or to plaintiffs that the action was subject to dismissal with prejudice." *Id.* at 129. The court therefore concluded that "the trial court erred in failing to provide prior notice before dismissing plaintiffs' action with prejudice." *Id.* Notably, the court reached its conclusion over a partial dissent, which would have affirmed the trial court's dismissal on grounds that "[w]here * * * a party has received notice that the case has been set for trial, the party has impliedly received notice that the case can be dismissed for lack of prosecution if the notice is disregarded." *Id.* (Cook, J., concurring in part and dissenting in part).

{¶35} This court has had the opportunity to apply *Logsdon* on at least one previous occasion. *See Buckeye Check Cashing, Inc. v. Evans*, 3d Dist. Logan No. 8-02-29, 2003-Ohio-981. In *Buckeye Check Cashing*, as in *Logsdon*, the trial court issued an order setting a trial date, and because neither the plaintiff nor the plaintiff's counsel appeared for trial, the trial court dismissed the plaintiff's case with prejudice. *Id.* at ¶ 2. We noted that, prior to *Logsdon*, "some appellate courts [had] gone so far as to say that failure to appear at trial or pretrial alone is implied notice

that the case will be dismissed." *Id.* at ¶ 5. However, although we expressed our agreement with "the appellate courts which have determined that notice of a trial date should constitute implied notice of dismissal where a plaintiff fails to appear for trial," we felt "compelled" to follow *Logsdon.* *Id.* at ¶ 6. Consequently, we concluded that the trial court abused its discretion by dismissing the plaintiff's case with prejudice without first providing the plaintiff with notice of its intent to dismiss. *Id.*

{¶36} In the instant case, we again follow *Logsdon* as well as our own precedent in *Buckeye Check Cashing*. Therefore, because the trial court dismissed Dunifon's cross-claim with prejudice without providing the notice required by Civ.R. 41(B)(1), we conclude the trial court abused its discretion. *See BAC Home Loans Servicing, L.P. v. Testa*, 11th Dist. Portage No. 2011-P-0045, 2012-Ohio-5330, ¶ 14-16; *Snyder v. Belmont Natl. Bank*, 7th Dist. Belmont No. 09 BE 9, 2010-Ohio-1089, ¶ 17.

{¶37} Having concluded the trial court abused its discretion by dismissing Dunifon's cross-claim, we must emphasize that this conclusion is based on the unique facts of this case where we find Dunifon had constructive notice of the trial. Further, our conclusion as to Dunifon's failure to appear for trial does not affect the validity of the judgment AIM 360 obtained against Dunifon. AIM 360's success on its claims against Dunifon was not dependent on the dismissal of Dunifon's cross-

claim. Moreover, we have rejected Dunifon's argument that AIM 360's judgment against him should be vacated because he was denied due process, and Dunifon did not advance any alternative bases for vacating AIM 360's judgment. Thus, by reversing the portion of the trial court's judgment dismissing Dunifon's cross-claim with prejudice, we leave intact the judgment AIM 360 obtained against Dunifon. We remand this matter for the limited purpose of allowing the trial court to provide Dunifon with notice of its intention to dismiss his cross-claim with prejudice under Civ.R. 41(B). Once such notice is given, Dunifon may appear and explain his absence from the trial and address the propriety of a dismissal with prejudice. The trial court can then determine whether dismissal with prejudice is appropriate. If such dismissal is inappropriate, then Dunifon may proceed with his cross-claim.

{¶38} Dunifon's second assignment of error is sustained.

### IV. Conclusion

{¶39} For the foregoing reasons, Dunifon's first assignment of error is overruled and his second assignment of error is sustained. Having found no error prejudicial to the appellant with respect to his first assignment of error, we affirm the judgment of the Auglaize County Court of Common Pleas as to that matter. However, having found error prejudicial to the appellant with respect to his second assignment of error, we reverse the judgment of the Auglaize County Court of

Common Pleas as to that matter and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part, and*
*Cause Remanded*

**SHAW, J., concurs.**

**WILLAMOWSKI, P.J., concurs in Judgment Only.**

**/jlr**